WHEREFORE, the plaintiffs claim of defendants compensatory damages in excess of One Hundred and Fifty Thousand Dollars ($150,000.00), delay damages pursuant to Pa. R.C.P. 238, interest, and allowable costs of suit.

## COUNT 1C - CONSPIRACY TO INTERFERE WITH CIVIL RIGHTS - DEPRIVING PERSONS OF RIGHTS AND PRIVILEGES

JAMES D. SCHNELLER, HEIRS AND BENEFICIARIES OF MARJORIE C. SCHNELLER, ESTATE OF MARJORIE C. SCHNELLER, BY JAMES D. SCHNELLER AND MARJORIE ZITOMER, ESTATE OF GEORGE H. SCHNELLER, BY JAMES D. SCHNELLER  V.  PROSPECT PARK NURSING AND REHABILITATION CENTER,   MARJORIE ZITOMER; RICHARD SCHNELLER; T. SERGEANT PEPPER ESQUIRE

121) Plaintiffs incorporate by reference paragraphs 1 through 373 as if fully set forth at length herein.

122) Defendants in and during their acts, conspired for the purpose of impeding, hindering, obstructing, and defeating, the due course of justice as provided in the Commonwealth of Pennsylvania, with the intent to deny plaintiffs the equal protection of the laws, and to injure plaintiffs and their property for lawfully enforcing and attempting to enforce, their rights, and the rights of a class(es) of persons, to the equal protection of the laws.

123) Defendants in so conspiring acted purposefully, and under color of law, regulation, custom, and practice, and as individuals.

124) Defendants in their acts as enumerated in this complaint furthered their conspiracy, by failing to protect plaintiffs and in causing state created danger to plaintiffs.

125) Defendants conspired to deprive Marjorie Schneller of proper care, rehabilitation, happiness, expectation of recuperation and continued life, and to take her life.

126) Defendants conspired to make an extended period of illness in Marjorie Schneller's life to be harrowing, openly manipulated, extremely painful, and deadly. Defendant's conspired to cause James Schneller continual severe trauma, regular contradictions, disappointments and harms, and the loss of his mother who was his friend.

127) Defendants conspired for the purpose of impeding, hindering, obstructing, and defeating, the

due course of justice in the Commonwealth of Pennsylvania with the intent to deny plaintiffs the equal protection of the laws, equal privileges and immunities, including the deprivation of rights that are secured by the federal statutes including those asserted within this complaint. Defendant's acts constitute a willful deprival to plaintiffs of equal protection of the laws, including in their class according to gender, age, religious belief, and/or marital status.

128) Defendants' purpose was achieved, so that plaintiffs were injured in their person and property and deprived of the rights and privileges of citizens of the United States, and Marjorie Schneller was killed.

129) Defendants conspired for the purpose of preventing the Commonwealth of Pennsylvania from securing to plaintiffs and to all persons within the Commonwealth of Pennsylvania fundamental rights and liberty interests, and the equal protection of the laws.

130) A duty existed for defendants who are legal practitioners and/or licensed professionals to provide, and to not obstruct, due process, where for instance numerous avenues to report violations are set up in the statutes regarding their particular specialties.

131) Plaintiffs were denied the due process afforded by those Federal and State laws and regulations which require disclosure, investigation, hearing, and rectification of all wrongful acts perpetrated by professionals and by facility personnel, and such was directly further caused by the acts of all of the defendants in this complaint.

132) Defendants violated statutes of Congress and of the Commonwealth. Plaintiffs because of these violations were deprived of due process, life, liberty, and/or property.

133) Defendants violation of statutes of Congress and of the Commonwealth caused injury to plaintiffs.

134) The rights sought to be protected by plaintiffs are the rights of a class(es) of persons, which are discriminated against, and which are an identifiable group which is susceptible to discrimination of the sort herein decribed.

135) Defendants discriminated against the source of the plaintiff's stance, and on the basis of immutable characteristics including gender, age, religious belief, and/or marital status.

136) Plaintiffs notified all parties that they stood firm against any deprival of care, against a killing by morphine, and against removal of life support.

137) Defendants, holding plaintiff Marjorie Schneller against her will, acted in conspiracy and with malice to egregiously deprive her of her basic rights to eat, drink, and breathe, despite

plaintiff's pleas and Marjorie Schneller's ability to so act.

138) Defendants, holding plaintiff Marjorie Schneller against her will, acted in conspiracy, with malice, to deprive plaintiffs' rights and foundational privileges and immunities, including their rights to life, privacy, security, freedom of speech, freedom to write and communicate, right to locomotion, family interraction, rights to legal representation, to meaningful family visits, and right to choose her daily regimen and health program.

139) The acts of defendants wilfully caused loss of life and liberty and all additional harms as stated in this claim, including the victim's death, a strict immobility and fear of death imposed , and suffering including anguish that life was to be ended through an intentional killing, rather than extended, as plaintiffs were aware was extremely likely, if said mistreatment was overcome.

140) Marjorie C. Schneller was deprived of liberty, property, and, ultimately, life itself, without an affording by any party, and occlusion by all parties of that right to notice and hearing afforded under federal law to the incapacitated and to those whose life support is endangered.  James Schneller as caregiver was equally deprived of his standing as representative and objectant in such a hearing including as best friend of the victim.  Defendants' acts pointedly deprived plaintiffs of their right to privacy in the family relationship and in the relationship of dependant James Schneller who was regularly educated by Marjorie Schneller.

141) Because of the defendants' conspiracy, whatever access to the Courts and remedies were available to plaintiffs, were not freely exercisable without hindrance nor fear of retaliation.

142) Defendants' acts constitute a willful deprival to plaintiffs, without due process of law, of essential rights and liberties including the right to possession and defense of property, the right to security in surroundings and possessions, and the right to privacy,  as guaranteed under the United States Constitution.

143) Plaintiff's rights were infringed upon through selective limitations to plaintiff's resistance, by defendants' acts in conspiracy, which were, in an unconstitutional manner, based on the fact that plaintiffs were not represented by an attorney, or had not filed suit, or similar threshold circumstances.

144) Whatever access to the Courts and remedies were available to plaintiffs were not freely exercisable without hindrance nor fear of retaliation by said conspiracy.

145) For these reasons including as stated in the entirety of this complaint, defendants are liable to plaintiffs under 42 U.S.C.A. § 1985(3) entitled Conspiracy to interfere with civil rights.

146) Defendants' actions were negligent, willful, wanton, and reckless, thus entitling plaintiffs to

punitive damages.

WHEREFORE, the plaintiffs claim of defendants compensatory damages in excess of One Hundred and Fifty Thousand Dollars ($150,000.00), delay damages pursuant to Pa. R.C.P. 238, interest, and allowable costs of suit.

COUNT 1D - CONSPIRACY TO INTERFERE WITH CIVIL RIGHTS - OBSTRUCTING JUSTICE AND INTIMIDATING PARTIES - BATTERY

JAMES D. SCHNELLER, HEIRS AND BENEFICIARIES OF MARJORIE C. SCHNELLER, ESTATE OF MARJORIE C. SCHNELLER, BY JAMES D. SCHNELLER AND MARJORIE ZITOMER, ; ESTATE OF GEORGE H. SCHNELLER, BY JAMES D. SCHNELLER   V. PROSPECT PARK NURSING AND REHABILITATION CENTER;     MARJORIE ZITOMER; RICHARD SCHNELLER;  T. SERGEANT PEPPER ESQUIRE

147) Plaintiffs incorporate by reference paragraphs 1 through 373 as if fully set forth at length herein.

148) Defendants in their acts as further stated in Counts 1B, 1C , and 15 of this Claim conspired for the purpose of impeding, hindering, obstructing, and defeating, the due course of justice enjoyed by citizens, with the intent to deny plaintiffs the equal protection of the laws, and to injure plaintiffs and their property for lawfully enforcing and attempting to enforce, their right, and the right of a class(es) of persons, to the equal protection of the laws.

149) Defendants in their conspiracy went upon the highway, certain of them entering the Commonwealth of Pennsylvania from foreign states of their residence, and all defendants entered into the premises of Marjorie C. Schneller, she already relegated by their acts to a crowded sick room, with no belongings, for the purpose of depriving her of the equal protection of the laws, and of equal rights, privileges and immunities under the laws.

150) Defendants conspired to prevent by force, intimidation, and threat, and caused to be done acts in furtherance of the object of such conspiracy, whereby plaintiffs were severely injured and killed and additionally deprived of having and exercising rights and privileges of citizens of the United States.

24

151) Defendants in their conspiracy to prevent by force, intimidation, and threat intended to deprive classes of persons of the equal protection of the laws, or of equal privileges and immunities under the laws.

152) Defendants confined Marjorie Schneller as stated in the preceding paragraphs, with the intention of facilitating commission of a felony, and flight thereafter, and at risk of serious bodily injury to her, and to inflict bodily injury on her, terrorize her, and euthanize and murder her, and terrorize her caregiver, and to interfere with the performance by public officials of any governmental or political function, such as could have been revealed by second opinions and lawfully required reporting to the Department of Health, law enforcement, and Attorney General, including investigation by Protective Services and by law enforcement in the County where the facility is located, and investigation by the County and Township at hand.

153) As stated in the preceding Count, defendants conspired in said premises to deprive plaintiffs of the equal privileges and immunities under the laws; and to injure plaintiffs and their property in retribution for lawfully enforcing, and in retribution for attempting to enforce, their rights.

154) Acts of battery that were perpetrated on Marjorie Schneller were acts to injure plaintiffs and their property in retribution for lawfully enforcing, and in retribution for attempting to enforce their rights, and other retributions, preventions and obstructions. Suction was made in a wantonly intentional manner which was so violent that copious blood resulted in the matter expelled. Chemicals were improperly applied so that froth would emit from the breathing apparatus causing enormous discomfort and inability to speak nor to read nor watch television. Other patients of a violent nature were not properly restrained from coming near the victim's bed. Lack of informed consent is the basis for common law battery upon Marjorie C. Schneller. Said acts and other battery was intentionally inflicted upon Marjorie C Schneller and was not corrected or would return after a temporary correction despite that the causes were intentional.

155) Defendants unlawfully conspired to fraudulently and in a concealed manner, remove Marjorie Schneller a substantial distance from the facility, in order to place her in a hospital which gave defendants assurances of a more encompassing application of narcotics and deprival of care to the victim, and illegal assisted death of the victim, and despite that said use of Federal funds was contrary to law.

156) Defendants as stated in the allegations condoned and perpetrated acts which constituted intimidation, confusion, diversion, threat, and obstruction of justice. Defendants caused and attempted to cause depletion and trauma to plaintiffs' mental and physical strength and capability. Defendants perpetrated such acts upon Marjorie Schneller with knowledge that at the time of her death much of the accusations against the defendants would go with her to the grave. Legal

professional defendants intentionally made no effort to question, deposition, nor perpetuate testimony, of the victim, nor to enable examination of her by an expert.

157) Defendants' acts including the intentional prevention of speaking, prevention of writing, threats, retaliation, distraction, removal and spoliation of evidence, and the concerted effort at euthanasia, assisted death, mercy killing, and murder, prevented any court action, testimony, deposition, or perpetuation of testimony, for the purpose of a claim for the causes of action which were apparent to plaintiffs or to their attorneys.

158) Defendants conspired for the purpose of preventing and hindering the Commonwealth of Pennsylvania from giving and securing to plaintiffs and to all persons within the Commonwealth of Pennsylvania the equal protection of the laws, as rightful for classes including those of gender, age, religious belief, and/or marital status. Where such a decisive homicide was perpetrated, many more were sure to follow. Where such acts of intimidation and retribution had succeeded, all defendants especially those in the public service were likely to be encouraged in such acts and to repeat them, and to refer to them in conversations with their peers in the same fields of practice. The class(es) discriminated against would fall deeper into endangerment of discrimination and losses of constitutional rights.

159) Defendants' acts constitute criminal assault and criminal maiming.

160) Whatever access to the Courts and remedies were available to plaintiffs were not freely exercisable without hindrance nor fear of retaliation by said conspiracy.

161) Defendants' conspiracy in said acts, and in any and all defendants' neglect to prevent said acts, constitute a willful deprival to plaintiffs of the equal protection of the laws, and a deprival to plaintiffs, without due process of law where relevant, of essential rights and liberties which are guaranteed by the United States Constitution, including the right to live, to eat, to speak, to privacy, to choose one's daily regimen and health program, and to family interraction, and their right to foundational privileges and immunities, and to life, liberty, and property.

162) For all of these reasons and as set forth throughout the complaint, defendants are liable to plaintiffs under 42 U.S.C.A § 1985(2) because they conspired to interfere with plaintiffs' civil rights and to deprive and obstruct justice and intimidate parties, and in furtherance of said conspiracy they injured plaintiffs.

163) Defendants' actions were negligent, willful, wanton, and reckless, thus entitling plaintiffs to punitive damages.

WHEREFORE, the plaintiffs claim of defendants compensatory damages in excess of One Hundred and Fifty Thousand Dollars ($150,000.00), delay damages pursuant to Pa. R.C.P. 238, interest, and allowable costs of suit.

## COUNT II - NEGLECT TO PREVENT DEPRIVATION OF RIGHTS AND CONSPIRACY FOR DEPRIVATION OF RIGHTS

JAMES D. SCHNELLER, HEIRS AND BENEFICIARIES OF MARJORIE C. SCHNELLER, ESTATE OF MARJORIE C. SCHNELLER, BY JAMES D. SCHNELLER AND MARJORIE ZITOMER ; ESTATE OF GEORGE H. SCHNELLER, BY JAMES D. SCHNELLER    V.    PROSPECT PARK NURSING AND REHABILITATION CENTER;    MARJORIE ZITOMER, RICHARD SCHNELLER; T. SERGEANT PEPPER ESQUIRE

164) Plaintiffs incorporate by reference paragraphs 1 through 373 as if fully set forth at length herein.

165) Defendants, having knowledge that any and all of the wrongs conspired to be done, as enumerated in this complaint, were about to be committed, and having power to prevent or aid in preventing the commission of the same, neglected or refused so to do.

166) Said wrongful acts were committed.

167) The death of Marjorie Schneller was caused by said wrongful acts and neglect. Defendants failed to protect plaintiffs.

168) A duty existed for defendants who are legal practitioners and/or licensed professionals to provide, and to not obstruct, avenues for reporting violations, notifying law enforcement, and all such obligations, where for instance numerous avenues to due process and it's cousins are set up in the statutes regarding their particular specialties.

169) Plaintiffs were, further, denied the due process afforded by those Federal and State laws and regulations which require disclosure, investigation, hearing, and rectification of all wrongful acts perpetrated by facility personnel, and such was directly further caused by the acts of all of the defendants in this complaint.

170) For these reasons including as stated in the entirety of this complaint, defendants are liable to

27

plaintiffs under 42 U.S.C.A § 1986 entitled Neglect to Prevent.

171) Defendants' actions were negligent, willful, wanton, and reckless, thus entitling plaintiffs to punitive damages.

WHEREFORE, the plaintiffs claim of defendants compensatory damages including $ 5,000.00 to the next of kin of Marjorie C. Schneller, delay damages pursuant to Pa. R.C.P. 238, interest, and allowable costs of suit.

COUNT IF - FAILURE TO WARN

JAMES D. SCHNELLER; ESTATE OF GEORGE H. SCHNELLER, ESTATE OF MARJORIE C. SCHNELLER, HEIRS AND BENEFICIARIES OF MARJORIE C. SCHNELLER     V.
PROSPECT PARK NURSING AND REHABILITATION CENTER;  MARJORIE ZITOMER; RICHARD SCHNELLER;  T. SERGEANT PEPPER ESQUIRE

172) Plaintiffs incorporate by reference paragraphs 1 through 373 as if fully set forth at length herein.

173) Defendants as citizens, as regulatees of the Federal and State and Local government, as licensed professionals, as fiduciaries, and as business operators, had a duty to act within the law and to adhere to every law, statute, and rule which applied to them and every oath which they had sworn in said capacities.

174) Defendants negligently failed to warn plaintiffs of the increased risk of death due to their activities and failed to warn of the wilfull and intentional nature of their activities.

175) Defendants' negligence was the proximate cause of the harm suffered by plaintiffs.

WHEREFORE, the plaintiffs claim of defendants compensatory damages in excess of One Hundred and Fifty Thousand Dollars ($150,000.00), delay damages pursuant to Pa. R.C.P. 238, interest, and allowable costs of suit.

COUNT 2 - BREACH OF CONTRACT

JAMES D. SCHNELLER, ESTATE OF GEORGE H. SCHNELLER, ESTATE OF MARJORIE C. SCHNELLER, HEIRS AND BENEFICIARIES OF MARJORIE C. SCHNELLER  V. PROSPECT PARK NURSING AND REHABILITATION CENTER:

96) Plaintiffs incorporate by reference paragraphs 1 through 373 as if fully set forth at length herein.

97) A contract existed between Prospect Park Nursing and Rehabilitation Center and plaintiffs for the treatment and rehabilitation of Marjorie C. Schneller.

98) Plaintiffs submitted to all requirements as to compensation for defendant at inception of the contract, and duly reimbursed defendant as requested up until breach. Breach was notified of promptly.

99) Defendant Prospect Park Nursing Home had a duty to properly oversee and advise under a contract between them and Marjorie Schneller.

100) Defendants breached the contract through their actions described herein.

101) All care sought by plaintiffs was within the defendant's professional competence.

102) At all times the defendant was required under the Constitution and Acts of Congress to provide avenues of due process to the defendants for remedy of problems or errors and to be candid with defendants about all aspects of diagnosis and treatment.

103) Defendant breached it's earlier contract with Marjorie Schneller and George Schneller so as to form a contract with the executrix and co-administrators, leaving them without representation and without informing them of the same.

104) Plaintiffs were continually denied due process by the acts of the defendants and were as a result of that deprived of life, liberty, and/or property.

105) Defendants violated statutes of Congress and of the Commonwealth. Plaintiffs because of these violations were deprived of due process, life, liberty, and/or property.

106) At all times mentioned herein and material hereto, the defendant and it's employees and contractors were charged with the professional responsibility to uphold the standard of care in treatment of Marjorie Schneller.

107) Defendants were negligent in failing to uphold nor to exercise the standard of care.

108) The nursing home is liable for the acts of all physicians under respondeat superior.

109) Defendants negligence, gross negligence and intentional and willful acts were done with a knowledge of the consequences, which included harm to plaintiffs.

110) The conduct of defendants in the numerous acts complained of in this complaint damaged the plaintiffs. Defendants acted conspiratorially in conjunction with other defendants.

111) Defendants intentionally pursued said course of action, including for the fraudulent and conspiratorial purposes as set forth in this complaint, which conduct caused the wrongful death of Marjorie C. Schneller, and damaged the plaintiffs.

112) Other parties were made liable to plaintiffs through the actions of defendants.

113) Defendants' actions were intentional, willful, and reckless thus entitling plaintiffs to punitive damages.

WHEREFORE, the plaintiffs claim of defendants compensatory damages in excess of One Hundred and Fifty Thousand Dollars ($150,000.00), delay damages pursuant to Pa. R.C.P. 238, interest, and allowable costs of suit.

COUNT 3 - BREACH OF CONTRACT
JAMES D. SCHNELLER; ESTATE OF GEORGE H. SCHNELLER; ESTATE OF MARJORIE C. SCHNELLER V. T. SERGEANT PEPPER ESQUIRE; MARJORIE ZITOMER; RICHARD SCHNELLER

114) Plaintiffs incorporate by reference paragraphs 1 through 373 as if fully set forth at length herein.

115) Defendants had a duty under a contract between the legal professional and the personal representatives, under an earlier contract between the attorney's firm and the testators, and under a contract between Marjorie Zitomer and Richard Schneller, and James D. Schneller, including with James D. Schneller in his capacity as representaive and caregiver of Marjorie Schneller.

116) All representation contracted for was within the defendant's professional competence.

117) Professional defendants were paid a retainer at inception of the contract and were reimbursed each time requested.

118) Defendants breached the contract. Professional defendants made intentional acts contrary to the stated goals of their representation of plaintiffs and contrary to their earlier contract with the parents, and failed to exercise the ordinary skill and knowledge of the legal practitioner.

119) Defendants breached the contract. Marjorie Zitomer and Richard Schneller breached the contract with James D. Schneller, which was put forth at the time of forming as a balanced means to estate administration, utilizing it in numerous ways to achieve the improper goals resulting in the harms complained of herein, including as a means of expressing approvals of James Schneller to Marjorie Schneller, where such approvals did not exist.

120) At all times mentioned during any employment of any professional defendant material hereto, the defendants were charged with the professional responsibility to represent parties and the estates while maintaining the standard of ordinary skill and knowledge of a legal practitioner, and to comport oneself in a decent and law abiding manner.

121) Defendants negligently did not maintain the standard of ordinary skill and knowledge nor abide by laws and accepted mores of good faith and fair dealing.

122) Breach was notified of to the defendants in a timely manner.

123) The conduct of defendants through acts including conspiracy with other defendants, concealment, and fraud, prevented the due process which was needful to plaintiffs, and caused additional unattended needs for due process.

124) Defendant's obstruction and prevention of due process to plaintiffs caused them to suffer loss of life, liberty, and/or property, and otherwise damaged the plaintiffs.

125) Defendants negligence, gross negligence and intentional and willful acts were done with a knowledge of the consequences, which included harm to plaintiffs.

126) Other parties became liable to plaintiffs through the actions of defendants.

127) Defendants had conflicts of interest yet did not remove themselves from either interested contract, and did not notify any party of this error.

128) Plaintiffs claim fraudulent inducement of contract, breach of confidential relationship, and breach of confidentiality.

129) Defendants breached the contract(s) by way of their acts including:

130) Failing to fully ensure the inacessibility of the trust principal to creditors, in the deeds of trust written for the deceased.

131) Wrongfully promoting the issuance of a power of attorney to Richard Schneller despite the established policy of the testators that that individual hold no fiduciary position.

132) Allowing an early implementation of the power of attorney for Marjorie Zitomer in contravention to the wishes of the principal.

133) Failing to advise a funding of the trusts before death in order to prevent interruption of support for James Schneller and either remaining spouse, and for financial, tax, and estate reasons.

134) Failing to write a new will after the death of George H. Schneller.

31

135) Failing to properly advise the surviving spouse as to alternate means of embellishing estate principal and residue, such as taking against the will of George H. Schneller.

136) Wrongfully assisting two legatees in their fraudulent course of action resulting in depletion of the estate trust, fraud intended to foment an improper eviction of a third legatee, and conversion of personalty, and additional errors and harms such as claimed in this complaint.

137) Intentionally pursuing said course of action such as for the conspiratorial purposes as set forth in this complaint, which conduct intentionally damaged the plaintiffs and which caused additional resulting damage to defendants.

138) Defendants' actions were intentional, willful, and reckless thus entitling plaintiffs to punitive damages.

WHEREFORE, the plaintiffs claim of defendants compensatory damages in excess of One Hundred and Fifty Thousand Dollars ($150,000.00), delay damages pursuant to Pa. R.C.P. 238, interest, and allowable costs of suit.

## COUNT 4 - FRAUDULENT INDUCEMENT OF CONTRACTS

JAMES D. SCHNELLER; ESTATE OF GEORGE H. SCHNELLER, ESTATE OF MARJORIE C. SCHNELLER V. PROSPECT PARK NURSING AND REHABILITATION CENTER; MARJORIE ZITOMER; RICHARD SCHNELLER, T. SERGEANT PEPPER ESQUIRE

139) Plaintiffs incorporate by reference paragraphs 1 through 373 as if fully set forth at length herein.

140) At all times mentioned herein and material hereto, the defendants were charged with the responsibility to represent parties while maintaining the standard of ordinary skill and knowledge of a legal practitioner, and to comport oneself in a decent and law abiding manner.

141) Defendants fraudulently induced the contract between Hepburn Wilcox Hamilton Putnam LLP and plaintiff by falsely representing facts including that they would be of valuable service.

142) Defendants intended that plaintiff rely, and plaintiffs did rely on their misrepresentations.

143) Plaintiff in agreeing to the contract lacked a meaningful choice in accepting it.

144) The contract unreasonably favored the defendants.

145) Plaintiff had little or no choice but to assent to the terms of the contract under the circumstances.

146) Defendants put forth to plaintiff that their wisdom, experience, ordinary skill and knowledge, and superior skill and knowledge would be fully exercised in the contract.

147) Plaintiff relied on the misrepresentations of defendants to him as a caregiver, co-administrator, principle heir, objectant to the appointed executors and administrators, and executor de son tort. This caused James Schneller, Marjorie C. Schneller, and her estate and George Schneller and his estate, to suffer great harm, inluding deprival of due process regarding the acts complained of herein as they might have been pointed out by similarly educated counsel, manipulations and fraud directed at conversion of bequeathed property, and attorney's fees for litigation directed at their acts.

148) In numerous of the herein named instances, the defendants acted in a conspiratorial manner in order to facilitate the harms and malfeasant results enumerated herein, and acted, in pursuance of the common purpose between two or more of they, so as to facilitate many of the within described actions of error or omissions through overt acts.

149) These acts leading to obstruction and prevention of due process to plaintiffs caused them to suffer loss of life, liberty, and/or property, and otherwise damaged the plaintiffs.

150) Defendants' actions were negligent, willful, and reckless thus entitling plaintiffs to punitive damages.


WHEREFORE, the plaintiffs claim of defendants compensatory damages in excess of One Hundred and Fifty Thousand Dollars ($150,000.00), delay damages pursuant to Pa. R.C.P. 238, interest, and allowable costs of suit.


COUNT 5 - BREACH OF CONFIDENTIAL AND FIDUCIARY RELATIONSHIP

JAMES D. SCHNELLER; ESTATE OF GEORGE H. SCHNELLER; ESTATE OF MARJORIE C. SCHNELLER   V.   MARJORIE ZITOMER; RICHARD SCHNELLER; T. SERGEANT PEPPER ESQUIRE

151)   Plaintiffs incorporate by reference paragraphs 1 through 373 as if fully set forth at length herein.

152) At all times mentioned herein and material hereto, the defendants were charged with the responsibility to represent parties while maintaining the standard of ordinary skill and knowledge of a legal practitioner, and to comport oneself in a decent and law abiding manner.

153) A confidential relationship existed between defendants and James D. Schneller, and was fostered by the defendants.

154) Defendants breached the confidential relationship and the fiduciary duty imposed on them to plaintiffs by the confidential relationship.

155) Defendants falsely and negligently misrepresented to plaintiffs, and concealed matters from them, while enjoying the authority, trust, and dependance which resulted from this confidential relationship, and plaintiffs relied on these statements and omissions.

156) Defendants thereby caused harms to plaintiffs.

157) Defendants failed to maintain the standard of ordinary skill and knowledge of legal practitioners while enjoying the authority, trust, and dependance which resulted from this confidential relationship. This resulted in harm to plaintiffs.

158) In numerous of the herein named instances, two or more of the defendants acted in a conspiratorial manner in order to facilitate inappropriate or malfeasant results, including by placating or concealing facts from plaintiffs by way of the confidential relationship between defendants and plaintiff.

159) Defendants' actions were negligent, willful, and reckless thus entitling plaintiffs to punitive damages.

WHEREFORE, the plaintiffs claim of defendants compensatory damages in excess of One Hundred and Fifty Thousand Dollars ($150,000.00), delay damages pursuant to Pa. R.C.P. 238, interest, and allowable costs of suit.

COUNT 6 - WRONGFUL DEATH

HEIRS AND BENEFICIARIES OF MARJORIE C. SCHNELLER    V.   PROSPECT PARK NURSING AND REHABILITATION CENTER;    MARJORIE ZITOMER; RICHARD SCHNELLER; T. SERGEANT PEPPER ESQUIRE

34

160) Plaintiff incorporates by reference paragraphs 1 through 373 as if fully set forth at length herein.

161) At all times mentioned herein and material hereto, the defendants were charged with either the professional responsibility to uphold the standard of care in treatment of Marjorie Schneller, the professional responsibility to represent plaintiff and his parents and the estate of George H. Schneller while maintaining the standard of ordinary skill and knowledge of a legal practitioner, or to allow such services to remain unhindered and uninfluenced by encouragement of denial of proper care.

162) A cause of action for wrongful death is claimed under 42 Pa.C.S.A. § 8301. Actions surviving the death of Marjorie Schneller are claimed under 42Pa.C.S.A.§ §8302

163) James Schneller brings this suit on behalf of those entitled to relief due to the wrongful death of Marjorie Schneller under Pa.R.C.P.2202(b), naming these as "the heirs and beneficiaries of Marjorie C. Schneller."

164) The names, ages, relationship and addresses of all those who may be entitled to damages due to the death of the decedent are:

| Name and Address | Age | Relationship |
|---|---|---|
| 165) James Schneller<br>500 E. Lancaster Ave. #111D<br>Radnor, PA 19087 | 51 | son |
| 166) Richard Schneller<br>708 Walker Rd.<br>Great Falls, VA 22066 | 55 | son |
| 167) Beatrice Fennimore<br>5878 Marlborough Rd<br>Pittsburgh, PA 15217 | 59 | daughter |
| 168) Marjorie Zitomer<br>1 Mercer Street<br>McKownville, NY 12203 | 62 | daughter |

169) The death of the decedent was caused by the wrongful acts and omissions of the above captioned defendant.

170) Causes of action exist under 42Pa.C.S.A.§ 8301 and §8302. No previous application has been made to any court for the relief sought herein;

171) No action for the wrongful death of the above-named decedent was brought by the above-named decedent's personal representative within the first 6 months after the death of the decedent.

35

No action for the wrongful death of the decedent was brought by the personal representative within 12 months of the time when the within claimed cause of action arose.

172) As a direct and proximate result of the carelessness, negligence, and obstructive conduct of defendants, Marjorie Schneller was unjustly caused to die within two months of leaving defendant Prospect Park Nursing Home.

173) The acts of the defendants caused Marjorie Schneller to suffer death prematurely, in pain and mental anguish, in unfamiliar surroundings, without friend or family, from a condition she knew and hoped to be curable and nevertheless imposed on her. She sustained loss of enjoyment of life and loss of life's pleasures.

174) As a result of her wrongful death she has been prevented from performing all of her usual duties, occupations, recreational activities and avocation all to her and her beneficiaries' loss and detriment.

175) As a direct and proximate result of the carelessness, negligence, gross negligence, recklessness and willful and wanton conduct of defendants, Marjorie Schneller was caused to suffer death at the hands of individuals not contracted for by her nor of the professional calibre she was accustomed to;

176) The death of Marjorie C. Schneller was caused by acts of the defendants including the following:

177) Removing permission for prescribed Human Growth Hormone and ACTH, a treatment that had helped her immensely, that is widely accepted for rejuvenation and prolongation of life, and that has been shown in journals to have increased lung capacity and efficiency.

178) Causing anemia where there had been none, mistakenly requiring painful blood transfusions, and thus a facet of medical urgency where there was none;

179) Prescribing addicting morphine and ignoring or condoning a dependance thereon, and ignoring the ill effect such preoccupation had on rehabilitation, and failing to correct the negative effect on rehabilitation.

180) Increasing the dosage of morphine at successive instances without informing the caregiver in a conspiratorial effort to murder the victim.

181) Forcing the patient to be fed by a feeding tube despite her wishes, which wasegregiously demeaning and adverse to the art of rehabilitation in medical facilities in the civilized era.

182) Dehydrating the patient.

183) As a direct and proximate result of the foregoing, decedent's wrongful death beneficiaries suffered, are suffering from an indefinite period of time in the future damages, injuries and losses, earings, services, and support, and the survivors have been wrongfully deprived of the contributions they would have received from Marjorie Schneller, including monies which

decedent would have provided for such items such as clothing, shelter, food, medical care and education.

184) James Schneller has been wrongfully and permanently deprived of the guidance, tutelage and moral upbringing bestowed upon him by the deceased on a regular basis.

185) As a direct and proximate result of the foregoing, decedent's wrongful death beneficiaries would have been, continue to be and will be in the future wrongfully deprived of large and various sums of money which decedent would have contributed to their support.

WHEREFORE, those claiming damages for the wrongful death of Marjorie Schneller claim of defendants compensatory damages in excess of One Hundred and Fifty Thousand Dollars ($150,000.00), delay damages pursuant to Pa. R.C.P. 238, interest and allowable costs of suit.

## COUNT 7 - SURVIVAL

### ESTATE OF MARJORIE C. SCHNELLER V. PROSPECT PARK NURSING AND REHABILITATION CENTER, MARJORIE ZITOMER; RICHARD SCHNELLER; T. SERGEANT PEPPER ESQUIRE

186) Plaintiff incorporates by reference paragraphs 1 through 373 as if fully set forth herein.

187) At all times mentioned herein and material hereto, the defendants were charged with either the professional responsibility to uphold the standard of care in treatment of Marjorie Schneller, the professional responsibility to represent plaintiff and his parents and the estate of George H Schneller while maintaining the standard of ordinary skill and knowledge of a legal practitioner, or to allow such services to remain unhindered and uninfluenced by encouragement of denial of proper care.

188) A cause of action for wrongful death is claimed under 42 Pa. C.S.A. § 8301. Actions surviving the death of Marjorie Schneller are claimed under 42 Pa.C.S.A § §8302

189) As a direct and proximate result of the foregoing, Marjorie Schneller has been, is being and will be in the future wrongfully deprived of earnings and the right to earn a living.

190) To address the foregoing, the Estate of Marjorie Schneller is entitled to recover in this action an amount equal to the gross amount decedent would have earned between the date of her death and the end of her life expectancy, subject to her cost of maintenance.

191) Marjorie Zitomer, the executrix of the estate of Marjorie Schneller, has repeatedly declined to pursue litigation on behalf of the estate, including survival actions.

192) Mrs. Zitomer has stated to parties and others her lifetime requests to testators to not name

her as executrix, and her dislike of the task.

193) Plaintiff James Schneller lived with his parents at their home in Chester County, Pennsylvania for 36 of his 50 years.

194) James D. Schneller was caregiver to the deceased and was clearly and prominently the individual other than her ailing husband whom Marjorie Schneller relied on.

195) Where the administrator neglects or refuses to sue, jurisdiction is in the common pleas and not in the orphans' court, and any person having an interest in damages may maintain an action, as trustee ad litem, by suing in the name of the personal representative.

196) James Schneller is a responsible, intellectually qualified individual, and holds, with leave of this court, the capacity to sue in the name of the executrix of the estate of Marjorie C. Schneller in this action.

197) The executrix Marjorie Zitomer, is named as an involuntary plaintiff in this action.

WHEREFORE, the Estate of Marjorie Schneller claims of defendant damages in excess of One Hundred and Fifty Thousand Dollars ($150,000.00), delay damages pursuant to Pa. R.C.P. 238, interest, and allowable costs of suit.


COUNT 8 - INTENTIONAL TORT - ABUSE OF POWER OF ATTORNEY

JAMES D. SCHNELLER; ESTATE OF GEORGE H. SCHNELLER, ESTATE OF MARJORIE C. SCHNELLER, HEIRS AND BENEFICIARIES OF MARJORIE C. SCHNELLER   V.   MARJORIE ZITOMER; RICHARD SCHNELLER, T. SERGEANT PEPPER ESQUIRE

198) Plaintiffs incorporate by reference paragraphs 1 through 373 as if fully set forth at length herein.

199) At all times mentioned herein and material hereto, the defendants were charged with the professional responsibility to represent parties and the estates while maintaining the standard of ordinary skill and knowledge of a legal practitioner, and to comport oneself in a decent and law abiding manner; including as sworn to the Register of Wills prior to grant of letters as personal representatives.

200) Defendants committed abuse of power of attorney in their actions including : implementing their power of attorney before the prescribed time and without the knowledge of the principal(s),

38

201) Fraudulently procuring power(s) of attorney.

202) overreaching the authority of the powers' authority in overtures to facility staff, or advising or condoning these actions as attorney while ignoring responsibility as to the existing executrix and to the objecting heir.

203) Encouraging these actions by detracting from plaintiff's stature.

204) providing power of attorney forms, improper will and trust document, or advice for a separateness, to two of the family members.

205) Wrongfully promoting the issuance of a power of attorney to Richard Schneller despite the established policy of the testators that that individual hold no fiduciary position.

206) Allowing an early implementation of the power of attorney for Marjorie Zitomer in contravention to the wishes of the principal

207) Utilizing power(s) of attorney in order to wrongfully affect health care

208) As a direct and proximate result of the wrongful conduct as alleged above, plaintiff's were deprived of due process and caused to sustain the preventable actions which resulted in thedeath of Marjorie C. Schneller, despite a great chance of recuperation, and the additional harms as enumerated herein.

209) Defendants' actions were willful, negligent, and reckless thus entitling plaintiffs to punitive damages.

WHEREFORE, the plaintiffs claim of defendants compensatory damages in excess of One Hundred and Fifty Thousand Dollars ($150,000.00), delay damages pursuant to Pa. R.C.P. 238, interest, and allowable costs of suit.


COUNT 9 - INTENTIONAL TORT - ABUSE OF ADVANCED HEALTH DIRECTIVE


JAMES D. SCHNELLER; ESTATE OF GEORGE H. SCHNELLER, ESTATE OF MARJORIE C. SCHNELLER, HEIRS AND BENEFICIARIES OF MARJORIE C. SCHNELLER V. PROSPECT PARK NURSING AND REHABILITATION CENTER; MARJORIE ZITOMER; RICHARD SCHNELLER; T. SERGEANT PEPPER ESQUIRE


210) Plaintiffs incorporate by reference paragraphs 1 through 232 as if fully set forth at length herein.

211) At all times mentioned herein and material hereto, the defendants were charged with either the professional responsibility to uphold the standard of care in treatment of Marjorie Schneller, the professional responsibility to represent plaintiff and his parents and the estate of George H Schneller while maintaining the standard of ordinary skill and knowledge of a legal practitioner, or to allow such services to remain unhindered and uninfluenced by encouragement of denial of proper care and to comport oneself in a decent and law abiding manner, including as sworn to the Register of Wills.

212) Defendants abused an advanced health directive through their actions including

213) Circulating an advanced health directive with the name of Richard Schneller prominently displayed despite the fact that he was not named in any position of responsibility therein, and the attempting by that individual to gain caregiver status in medical facilities despite that status being held for all practical purposes by plaintiff.

214) Ignoring Marjorie Schneller's verbal revocation of her advance health directive in violation of Pennsylvania law.

215) Willfully, and in a manner so as to take a life, enabling and subterfugeously and conspiratorially promoting the advanced health directive, despite the facts that Marjorie C. Schneller was neither unconscious, nor terminal, and that both of those states of condition were required to be present in order for Marjorie Zitomer to be granted status as decision maker.

216) Conspiracy with the above and/or advisement as to the legality of the acts such as named in the above paragraphs.

217) At the same time, and as furthered by these acts, Marjorie C. Schneller was deprived due process, including through direct violation of Acts of Congress

218) As a direct and proximate result of these acts, Marjorie C. Schneller was brought close to death despite her constant effort towards recovery and her knowledge of a likelihood of recovery.

219) Defendants' actions were willful, negligent, and reckless thus entitling plaintiffs to punitive damages.

WHEREFORE, the plaintiffs claim of defendants compensatory damages in excess of One Hundred and Fifty Thousand Dollars ($150,000.00), delay damages pursuant to Pa. R.C.P. 238, interest, and allowable costs of suit