COUNT 10 - NEGLIGENCE PER SE

JAMES D. SCHNELLER; ESTATE OF GEORGE H. SCHNELLER, ESTATE OF MARJORIE C. SCHNELLER, HEIRS AND BENEFICIARIES OF MARJORIE C. SCHNELLER   V   PROSPECT PARK NURSING AND REHABILITATION CENTER,    MARJORIE ZITOMER, RICHARD SCHNELLER; T. SERGEANT PEPPER ESQUIRE

220) Plaintiffs incorporate by reference paragraphs 1 through 373 as if fully set forth at length herein.

221) At all times mentioned herein and material hereto, the defendants were charged with either the professional responsibility to represent parties and the estates while maintaining the standard of ordinary skill and knowledge of a legal practitioner, and to comport oneself in a decent and law abiding manner; including as sworn to the Register of Wills.

222) Defendants in their acts violated Acts of Congress including 21 U.S.C.A. § 802 et seq - Comprehensive Drug Abuse Prevention and Control Act , 29 U.S.C. § 794 et seq. - Rehabilitation act - Nondiscrimination to disabled under Federal grants and programs), 42 U.S.C.§ 2000a et seq - Civil Rights Act, including the Religious Freedom Restoration Act , 42 U.S.C.A. § 2000bb et seq., 42 U.S.C § 10400 et seq. - Family Violence Act, 42 U.S.C. § 6101 et seq. - Age Discrimination Act, 42 U.S.C § 13981 et seq. - Violence to Women Act of 1994, 42 C.F.R § 14402 - Assisted Suicide Funding Restriction, and regulations including 42 C.F.R § 483.10 et seq. - Requirements for Long Term Care Facilities.

223) The plaintiffs were discriminated against under 29 U.S.C. § 794 in a number of the grant programs under the above stated Chapters alone, and including many others, such as 42 U.S.C. § 3001 et seq  - Programs for Older Americans

224) Plaintiff also claims actions for all said violations of rights, under Acts of Congress, pursuant to 42 C.F.R § 1983.

225) Defendants in their acts violated criminal statutes including 18 U.S.C § 113 Assault, 18 U.S.C § 114 Maiming within maritime and territorial jurisdiction; 18 U.S.C. § 241. Conspiracy against rights, 18 U.S.C. § 242. Deprivation of rights under color of law; 18 U.S.C. § 247 Obstruction of persons in the free exercise of religious beliefs; 18 U.S.C. §1035. False statements relating to health care matters, 18 U.S.C.§1117 Conspiracy to commit murder; 18 U.S.C §1513. Retaliating against a witness, victim, or an informant

226) Defendants in their acts violated state statutes including 18 Pa.C.S §902 Criminal Solicitation; 18 Pa C.S. §903 Criminal Conspiracy; 18 Pa C.S.§2501 et seq., criminal homicide; 18 Pa.C.S. §2701 Assault; 18 Pa C.S §2505 Causing or aiding suicide; 18 Pa C.S §2506 Drug

41

delivery resulting in death, 18 Pa C.S §2701 Simple Assault (Assault & Battery), 18 Pa C.S. §2702 Aggravated Assault, 18 Pa.C.S §2705 Reckless endangerment, 18 Pa C.S. §2709 Harrassment and Stalking, 18 Pa C.S.§2710 Ethnic intimidation, 18 Pa.C.S.§2713 Neglect of Care Dependant Person, 18 Pa C.S.§2902 Unlawful Restraint, 18 Pa C.S §2903 False Imprisonment, 18 Pa C.S.§4108 Commercial bribery and breach of duty to act disinterestedly, 18 Pa C.S §4113 Misapplication of entrusted property and property of government or financial institutions, 18 Pa C.S.§ 4114 - Securing execution of documents by deception; 18 Pa C S § 4952 Intimidation of witnesses or victims; 18 Pa.C.S § 4953 Retaliation against witness, victim or party; 18 Pa C.S.§ 5101 Obstructing administration of law or other governmental function; 20Pa C.S.§5415 Penalties regarding advance health directives; 20Pa.C.S.§5403. Definitions; 20Pa C S §5405 When Declaration becomes operative; 20Pa C S §5406 Revocation; 20Pa C.S.§5408 Duty of physician to confirm terminal condition, and to order second opinion, 20 Pa C.S.A §5415 Advance Directive for Health Care - Penalties; 23 P.S. §6101 et seq. The Protection from Abuse Act; 28 P.S. §211.1 et seq. Program Standards For Long-Term Care Nursing Facilities; 35 P.S. § 780-101 et seq., the Controlled Substance, Drug, Device And Cosmetic Ac; 35 Pa. C.S. § 10225.302 Protective services. Retaliation; 35 Pa. C.S. § 10225.303 Investigation; 35 Pa. C.S. § 10225.701 Mandatory Reporting; 35 Pa. C.S § 10225.702 Reporting to law enforcement, coroner, district attorney; 40Pa.C.S.§1303.308 Reporting and notification; 40Pa.C.S.§1303.313 Medical facility reports and notifications; 6 Pa.Code § 11.1 et seq Older Adult Daily Living Centers; 6 Pa.Code § 15.1 et seq - Protective Services For Older Adults; 6 Pa.Code § 20.1 et seq - Family Caregiver Support Program; 28 Pa. Code § 201.1 et seq. Long Term Care Facility Regulations

227) These violations of law were a direct and proximate cause of the death of Marjorie C. Schneller and the numerous harms which befell her and the other plaintiffs.

228) Defendants' actions were intentional, wanton, negligent, and reckless thus entitling plaintiffs to punitive damages

WHEREFORE, the plaintiffs claim of defendants compensatory damages in excess of One Hundred and Fifty Thousand Dollars ($150,000.00), delay damages pursuant to Pa. R.C.P. 238, interest, and allowable costs of suit.

COUNT 11   -  SLANDER AND LIBEL

JAMES D. SCHNELLER; ESTATE OF GEORGE H. SCHNELLER, ESTATE OF MARJORIE C. SCHNELLER  V.  PROSPECT PARK NURSING AND REHABILITATION CENTER;

MARJORIE ZITOMER; RICHARD SCHNELLER; T. SERGEANT PEPPER ESQUIRE

229) Plaintiffs incorporate by reference paragraphs 1 through 373 as if fully set forth at length herein.

230) At all times mentioned herein and material hereto, the defendants were charged with the responsibility to represent parties while maintaining the standard of ordinary skill and knowledge of a legal practitioner, and to comport oneself in a decent and law abiding manner.

231) The facility and the attorney defendants had a duty to properly oversee and/or advise under a contract between them and the plaintiffs.

232) Defendants performed slander and libel in their false statements to Marjorie C. Schneller regarding James Schneller personally and regarding his activities. Defendants, including through conspiracy, slandered plaintiff with each otther and to the facility staff.

233) During this time defendants faced plaintiff with a sarcastic and immovable claim of inability to stifle the tactics.

234) Defendants breached the confidentiality of the attorney-client relationship in these acts

235) Defendant knew and intended that emotional distress result from these acts. Defendant acted in conspiracy with those to whom he divulged information, and the conspiratorial parties intended to cause the wrongs claimed in the Counts herein accused of.

236) Defendants' actions were negligent, willful, and reckless thus entitling plaintiffs to punitive damages.

WHEREFORE, the plaintiffs claim of defendants compensatory damages in excess of One Hundred and Fifty Thousand Dollars ($150,000.00), delay damages pursuant to Pa. R.C.P. 238, interest, and allowable costs of suit.

COUNT 12 - BREACH OF CONFIDENTIALITY

JAMES D. SCHNELLER, ESTATE OF GEORGE H. SCHNELLER, ESTATE OF MARJORIE C. SCHNELLER   V.   T. SERGEANT PEPPER ESQUIRE

237) Plaintiff incorporates by reference paragraphs 1 through 373 as if fully set forth at length herein.

238) At all times mentioned herein and material hereto, the defendants were charged with the responsibility to represent parties while maintaining the standard of ordinary skill and knowledge of a legal practitioner, and to comport oneself in a decent and law abiding manner.

239) Defendants had a duty to properly oversee and advise under a contract between him and the personal representatives, and under a contract between his firm and the testators.

240) Defendants breached the confidentiality of the attorney-client relationship in their acts including revealing to the estate party-opponents that plaintiff was investigating their acts against the deceased in medical facilities prior to her death.

241) Defendant is accused of slander and libel.

242) Defendant knew and intended that emotional distress result from these acts. Defendant acted in conspiracy with those to whom he divulged information, and the conspiratorial parties intended to cause the wrongs claimed in the Counts herein accused of.

243) Defendants' actions were negligent, willful, and reckless thus entitling plaintiffs to punitive damages.


WHEREFORE, the plaintiffs claim of defendants compensatory damages in excess of One Hundred and Fifty Thousand Dollars ($150,000.00), delay damages pursuant to Pa. R.C.P. 238, interest, and allowable costs of suit.



COUNT 13 - SURVIVAL - NEGLIGENT AND INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS


ESTATE OF MARJORIE C. SCHNELLER, HEIRS AND BENEFICIARIES OF MARJORIE C. SCHNELLER V. PROSPECT PARK NURSING AND REHABILITATION CENTER; MARJORIE ZITOMER; RICHARD SCHNELLER; T. SERGEANT PEPPER ESQUIRE


244) Plaintiff incorporates by reference paragraphs 1 through 373 as if fully set forth at length herein

245) At all times mentioned herein and material hereto, the defendants were charged with either the professional responsibility to uphold the standard of care in treatment of Marjorie Schneller, the professional responsibility to represent plaintiff and his parents and the estate of George H.

Schneller while maintaining the standard of ordinary skill and knowledge of a legal practitioner, or to allow such services to remain unhindered and uninfluenced by encouragement of denial of proper care

246) The facility and the attorney defendants had a duty to properly oversee and/or advise under a contract between them and the plaintiffs.

247) Defendants engaged in the conduct described herein willfully and recklessly and outrageously caused Marjorie Schneller severe emotional distress.

248) The intentional infliction of emotional distress is not limited to the following:

249) Mistreatment of Marjorie Schneller with improper respiratory suction where suction tubes were regularly inserted in a harsh manner, intentional maintenance of low red blood cell count, abnormal electrolyte levels, and morphine dosage, and facilitation of intentional weight gain and dehydrated state;

250) Removal of eating, speech and occupational therapies, removal of eating and speaking allowances, compounded by her alertness and optimism, thus stifled again and again;

251) Erroneous or inappropriate depictions of plaintiff to Mrs. Schneller caused her painful trauma, in the pervading aura of a hospital setting, where two patients had died with surrounding code red and staff activity, and a third was unruly, where these depictions of her trusted caregiver were tantamount to violence to he at a young age by the depictor, and she was aware of this;

252) Marjorie Schneller's awaiting rescue from these unpleasant situations, her situation of uncertain quality of treatment, and being improperly cared for, and the permission to talk as was medically available, and the prescribing of strong narcotics of which she knew the danger, and this action forced upon her despite the hard work and pleas of her caregiver. All of these signposts were ignored by any defendant where a finding would put an end to such activities by any other defendant whose judgement was otherwise clouded;

253) Facility and physician's blatant deprival of rights where even liquid food was prevented and speech therapy halved, were met with sadness and despair on the part of Marjorie Schneller.

254) Defendants' actions were willful, negligent, and reckless thus entitling the Estate of Marjorie Schneller to punitive damages;


WHEREFORE, the Estate of Marjorie Schneller claims of the defendants: compensatory damages in excess of One Hundred and Fifty Thousand Dollars ($150,000.00), delay damages pursuant to Pa. R.C.P. 238, interest and allowable costs of suit.

COUNT 14 - SURVIVAL - FRAUD

ESTATE OF MARJORIE C. SCHNELLER V. PROSPECT PARK NURSING AND REHABILITATION CENTER, MARJORIE ZITOMER; RICHARD SCHNELLER; T. SERGEANT PEPPER ESQUIRE

255) Plaintiffs incorporate by reference paragraphs 1 through 373 as if fully set forth at length herein

256) At all times mentioned herein and material hereto, the defendants were charged with either the professional responsibility to uphold the standard of care in treatment of Marjorie Schneller, the professional responsibility to represent plaintiff and his parents and the estate of George H. Schneller while maintaining the standard of ordinary skill and knowledge of a legal practitioner, or to allow such services to remain unhindered and uninfluenced by encouragement of denial of proper care;

257) The facility and the attorney defendants had a duty to properly oversee and/or advise under a contract between them and the plaintiffs.

258) Defendants made the following intentional misrepresentations and committed common law fraud in, but not limited to:

259) T. Sergeant Pepper Esquire and his firm Hepburn Wilcox Hamilton Putnam LLP expressed their duty to uphold the administration of George Schneller's estate and, by inference, future estate matters and the issues encountered during Marjorie Schneller's remaining years, yet the important step of awarding and upholding of George Schneller's foremost beneficiary, his beloved, was transformed into a removing of her executorship and safe deposit box valuables, and granting of a second power of attorney to one not intended to ever have that authority, to her great dismay;

260) Nursing Home and physician's fulfillment of duty to their patient was superficial, missing, or malfeasant. The security to patient of a union or partnership between health facility and physician was reciprocally fraudulent;

261) Nurses in the pulmonary unit fraudulently represented early on that Marjorie was not rehabilitatable, for various reasons. This was in error;

262) Prospect Park Nursing and Rehabilitation Center was contracted with due to their claim and nomenclature as a rehabilition facility. Staff negativism, physician subterfugeous ending of testing and unheeding prescribing of narcotics was in contradiction to this.

263) Obstacles to plaintiff's quest to obtain outside opinion were in direct contravention of Federal guidelines which state that " The facility must provide reasonable access to any resident

by any entity or individual that provides health, social, legal, or other services to the resident, subject to the resident's right to deny or withdraw consent at any time";

264) Defendant family members misrepresented items of fact to plaintiff and to Marjorie Schneller on a regular basis. Their attorney by his providing power of attorney forms, or other forms or advice, lent credence by way of his firm, and his association with the other attorney in his firm who had written the wills and trusts, and, having facilitated the trust of Marjorie Schneller in defendants, provided for instance a new will and trust containing provisions opposite to those and the intent of the prior will and trust, and misrepresented that the new will promulgated was for a wholesome purpose;

265) As a direct and proximate result of the wrongful conduct as alleged above, Marjorie Schneller was caused to sustain the preventable actions which resulted in her death, despite a great chance of recuperation, and despite her desire to see plaintiff through on his queries into events surrounding her becoming ill, her hospital care, and this and the former nursing home.

266) Defendants' actions deprived plaintiff of any due process which might affect meaningful change in the error he perceived.

267) Defendants' actions were willful, negligent, and reckless thus entitling plaintiffs to punitive damages.

WHEREFORE, the Estate of Marjorie Schneller claims of defendant compensatory damages in excess of One Hundred and Fifty Thousand Dollars ($150,000.00), delay damages pursuant to Pa. R.C.P. 238, interest and allowable costs of suit.

COUNT 15  -  SURVIVAL - CONSPIRACY

ESTATE OF MARJORIE C. SCHNELLER  V.  PROSPECT PARK NURSING AND REHABILITATION CENTER;    MARJORIE ZITOMER; RICHARD SCHNELLER; T. SERGEANT PEPPER ESQUIRE

268) Plaintiff incorporates by reference paragraphs 1 through 373 as if fully set forth at length herein;

269) At all times mentioned herein and material hereto, the defendants were charged with either the professional responsibility to uphold the standard of care in treatment of Marjorie Schneller, the professional responsibility to represent plaintiff and his parents and the estate of George H. Schneller while maintaining the standard of ordinary skill and knowledge of a legal practitioner,

17

or to allow such services to remain unhindered and uninfluenced by encouragement of denial of proper care;

270) The facility and the attorney defendants had a duty to properly oversee and/or advise under a contract between them and the plaintiffs.

271) In numerous of the above named instances, two or more of the defendants acted in a conspiratorial manner in order to facilitate inappropriate care, denial of care, or, in pursuance of the common purpose between two or more of they, facilitated their actions of error or omissions through overt acts;

272) Defendants' actions deprived plaintiff of any due process which might affect meaningful change in the error he perceived.

273) Defendants' actions were negligent, willful, intentional, and reckless, thus entitling plaintiffs to punitive damages.

WHEREFORE, the Estate of Marjorie Schneller claims of defendant compensatory damages in excess of One Hundred and Fifty Thousand Dollars ($150,000.00), delay damages pursuant to Pa. R.C.P. 238, interest and allowable costs of suit.

COUNT 16 - SURVIVAL ACTION - PUNITIVE DAMAGES

ESTATE OF MARJORIE C. SCHNELLER V. PROSPECT PARK NURSING AND REHABILITATION CENTER; MARJORIE ZITOMER; RICHARD SCHNELLER; T. SERGEANT PEPPER ESQUIRE

274) The Estate of Marjorie Schneller incorporates by reference paragraphs 1 through 373 as if fully set forth at length herein.

275) At all times mentioned herein and material hereto, the defendants were charged with either the professional responsibility to uphold the standard of care in treatment of Marjorie Schneller, the professional responsibility to represent plaintiff and his parents and the estate of George H. Schneller while maintaining the standard of ordinary skill and knowledge of a legal practitioner, or to allow such services to remain unhindered and uninfluenced by encouragement of denial of proper care;

276) As a result of the careless, grossly negligent and reckless conduct of the defendants herein, Marjorie Schneller was caused to suffer physically and emotionally, and ultimately died as a result of defendant's conduct.

277) Defendants' acts as set forth in this complaint are also intentional, wanton, and unspeakable.

278) Marjorie Schneller's physical suffering, emotional suffering, and ultimate death, occurred not in an unconscious state, but in a state of alert wakefulness, and thus observant of many if not all of the above actions, and yet in a bedridden condition and not permitted to speak even for a few minutes a day, and unable to forestall actions or their results;

WHEREFORE, the Estate of Marjorie Schneller claims of defendant punitive damages in excess of One Hundred and Fifty Thousand Dollars ($150,000.00), delay damages pursuant to Pa. R.C.P. 238, interest and allowable costs of suit.


COUNT 17 -   PROFESSIONAL NEGLIGENCE  -  MEDICAL


JAMES D. SCHNELLER; ESTATE OF GEORGE H. SCHNELLER, ESTATE OF MARJORIE C. SCHNELLER, HEIRS AND BENEFICIARIES OF MARJORIE C. SCHNELLER  V. PROSPECT PARK NURSING AND REHABILITATION CENTER;


279) Plaintiffs incorporate by reference paragraphs 1 through 373 as if fully set forth at length herein

280) At all times mentioned herein and material hereto, defendants Prospect Park Nursing and Rehabilitation Center was charged with the professional responsibility to uphold the standard of care in treatment of Marjorie Schneller, including in their contact and other dealings with George Schneller and James Schneller;

281) Defendants breached the standard of care and breached their professional duty to plaintiffs and/or intentionally harmed plaintiffs.

282) As a direct and proximate result of the breach and of the negligent and wrongful conduct as alleged in this complaint, defendants were caused to sustain the preventable actions which are enumerated in this complaint, including death.

283) In addition to claims herein, the nursing home did not address plaintiff's written request for reassurance that Marjorie Schneller was being given quality care. Evidence was presented at a special meeting to justify the claim to lack of improvement, but no explanation was given for failure to allow the patient to speak for a few minutes a day, or to drink the simplest beverages. Requests for medical specialist evaluation of Marjories' neck and spine were obstructed;

284) The nursing home is liable for the acts of all physicians, technicians and nurses under respondeat superior.

285) The facility defendants had a duty to properly oversee and/or advise their agents, employees, and contractors, under the contract between them and the plaintiffs.

286) The facilities and their employees' failure to bring any of the within transgressions to the attention of reporting bodies or statutory entities further obstructed due process to the plaintiffs.

287) Defendants' actions were negligent, willful, intentional, and reckless, thus entitling plaintiffs to punitive damages.

WHEREFORE, plaintiffs claim of defendants compensatory damages in excess of One Hundred and Fifty Thousand Dollars ($150,000.00), delay damages pursuant to Pa. R.C.P. 238, interest and allowable costs of suit.


COUNT 18 - PROFESSIONAL NEGLIGENCE - ATTORNEY AND FIRM

JAMES D. SCHNELLER; ESTATE OF GEORGE H. SCHNELLER, ESTATE OF MARJORIE C. SCHNELLER, HEIRS AND BENEFICIARIES OF MARJORIE C. SCHNELLER   V.   T. SERGEANT PEPPER ESQUIRE

288) Plaintiffs incorporate by reference paragraphs 1 through 373 as if fully set forth at length herein

289) At all times mentioned herein and material hereto, defendant T. Sergeant Pepper, Esquire and his firm were charged with the professional responsibility to represent Marjorie Schneller, George Schneller and James Schneller, while maintaining the standard of ordinary skill and knowledge of a legal practitioner;

290) Defendant and his firm breached their professional duty to plaintiffs and/or intentionally harmed plaintiffs.

291) As a direct and proximate result of the breach and of negligent and wrongful conduct as alleged in this complaint, plaintiffs were caused to sustain the preventable actions which are

enumerated in this complaint, including death, despite a chance of recuperation, and despite Marjorie Schneller's desire to see James D. Schneller through on his queries into events surrounding her becoming ill, her hospital care, and this nursing home;

292) The defendant and his firm had a duty to properly oversee and/or advise under contracts between him and the plaintiffs. Some of these contracts called for a specific outcome.

293) The defendant and his firm's failure to bring any of the within transgressions to a court with jurisdiction or any other authority further obstructed due process to the plaintiffs and caused injury and death to plaintiffs.

294) Defendants' actions were negligent, willful, reckless, and intentional, thus entitling plaintiffs to punitive damages.

WHEREFORE, the plaintiffs claim of defendant(s) compensatory damages in excess of One Hundred and Fifty Thousand Dollars ($150,000.00), delay damages pursuant to Pa. R.C.P. 238, interest and allowable costs of suit.

## COUNT 19 - SURVIVAL - NEGLIGENT AND INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS TO GEORGE SCHNELLER

ESTATE OF GEORGE H. SCHNELLER   V.   PROSPECT PARK NURSING AND REHABILITATION CENTER;   MARJORIE ZITOMER; RICHARD SCHNELLER; T. SERGEANT PEPPER ESQUIRE

295) The Estate of George H. Schneller incorporates by reference paragraphs 1 through 373 as if fully set forth at length herein.

296) At all times mentioned herein and material hereto, the defendants were charged with either the professional responsibility to uphold the standard of care in treatment of George Schneller, the professional responsibility to represent him while maintaining the standard of ordinary skill and knowledge of a legal practitioner, or to allow such services to remain unhindered and uninfluenced by misrepresentation or subterfuge;

297) Defendants' acts as claimed herein were negligent, wanton, intentional, and outrageous.

298) Defendants engaged in the conduct described above and willfully, recklessly and/or negligently caused George Schneller severe emotional distress.

299) Defendants' actions were negligent, willful, intentional, and reckless, thus entitling plaintiffs to punitive damages.

WHEREFORE, the Estate of George Schneller claims of defendant compensatory damages in excess of One Hundred and Fifty Thousand Dollars ($150,000.00), delay damages pursuant to Pa. R.C.P. 238, interest and allowable costs of suit.

COUNT 20  - SURVIVAL - FRAUD AND INTENTIONAL MISREPRESENTATION TO GEORGE H. SCHNELLER

ESTATE OF GEORGE H. SCHNELLER   V.   PROSPECT PARK NURSING AND REHABILITATION CENTER;    MARJORIE ZITOMER; RICHARD SCHNELLER; T. SERGEANT PEPPER ESQUIRE

300) The Estate of George H. Schneller incorporates by reference paragraphs 1 through 373 as if fully set forth at length herein.

301) At all times mentioned herein and material hereto, the defendants were charged with either the professional responsibility to uphold the standard of care in treatment of George Schneller, the professional responsibility to represent him while maintaining the standard of ordinary skill and knowledge of a legal practitioner, or to allow such services to remain unhindered and uninfluenced by misrepresentation or subterfuge;

302) The facility and the attorney defendants had a duty to properly oversee and/or advise under a contract between them and the plaintiffs.

303) Defendants made intentional misrepresentations and committed common law fraud in actions including but not limited to: advising George Schneller that care proceeded in an acceptable manner, at family conferences which he attended.

304) Defendants advised James Schneller, as the intermediary and representative of George H. Schneller, in a false, fraudulent, and conspiratorial manner.

305) Defendants' actions deprived plaintiff of any due process which might affect meaningful change in the error he perceived.

306) Defendants' actions were negligent, intentional, and reckless thus entitling plaintiffs to punitive damages.

WHEREFORE, the Estate of George Schneller claims of defendant compensatory damages in excess of One Hundred and Fifty Thousand Dollars ($150,000.00), delay damages pursuant to Pa. R.C.P. 238, interest and allowable costs of suit

COUNT 21 - SURVIVAL ACTION - CONSPIRACY DAMAGING TO GEORGE H. SCHNELLER

ESTATE OF GEORGE H. SCHNELLER V. PROSPECT PARK NURSING AND REHABILITATION CENTER; MARJORIE ZITOMER; RICHARD SCHNELLER; T SERGEANT PEPPER ESQUIRE

307) The Estate of George H. Schneller incorporates by reference paragraphs 1 through 373 as if fully set forth at length herein;

308) At all times mentioned herein and material hereto, the defendants were charged with either the professional responsibility to uphold the standard of care in treatment of George Schneller, the professional responsibility to represent him while maintaining the standard of ordinary skill and knowledge of a legal practitioner, or to allow such services to remain unhindered and uninfluenced by misrepresentation or subterfuge;

309) The facility and the attorney defendants had a duty to properly oversee and/or advise under a contract between them and the plaintiffs.

310) In numerous of the above named instances, two or more of the defendants acted in a conspiratorial manner in order to facilitate inappropriate care, denial of care, or, in pursuance of the common purpose between two or more of they, facilitated their actions of error or omissions through overt acts;

311) George H. Schneller was not consulted by telephone as to decisions of defendants, nor informed of such decisions. Acts or omissions causing pain and suffering to he and his beloved wife Marjorie, and ultimately the death of he and his beloved wife, occurred through agreed upon denial of George Schnellers rights to information and inclusion;

312) Defendants continually advised James Schneller, as the intermediary and representative of George H. Schneller, in a false and fraudulent manner, which was a result of their conspiracy.

313) Defendants' actions deprived plaintiff of any due process which might affect meaningful change in the error he perceived.

314) Defendants acts were negligent, willful, intentional, and reckless, thus entitling plaintiffs to punitive damages.

WHEREFORE, the Estate of George Schneller claims of defendants damages in excess of One Hundred and Fifty Thousand Dollars ($150,000.00), delay damages pursuant to Pa. R.C.P. 238, interest and allowable costs of suit.

COUNT 22 - SURVIVAL ACTION - PUNITIVE DAMAGES FOR THE ESTATE OF GEORGE H. SCHNELLER

ESTATE OF GEORGE H. SCHNELLER   V.   PROSPECT PARK NURSING AND REHABILITATION CENTER;   MARJORIE ZITOMER; RICHARD SCHNELLER; T. SERGEANT PEPPER ESQUIRE

315) The Estate of George H. Schneller incorporates by reference paragraphs 1 through 373 as if fully set forth at length herein.

316) At all times mentioned herein and material hereto, the defendants were charged with either the professional responsibility to uphold the standard of care in treatment of George Schneller, the professional responsibility to represent him while maintaining the standard of ordinary skill and knowledge of a legal practitioner, or to allow such services to remain unhindered and uninfluenced by misrepresentation or subterfuge;

317) As a result of the careless, grossly negligent and reckless conduct of the defendants herein, George Schneller was caused to suffer physically and emotionally, at a time of great illness and concern for himself and his wife;

318) George Schneller was aware of Marjorie Schneller's physical suffering, emotional suffering, and probable death, and many of the reasons therefor;

319) Defendant's actions as set forth above wereintentional, wanton, outrageous and reckless.

WHEREFORE, the Estate of George Schneller claims of defendant punitive damages in excess of One Hundred and Fifty Thousand Dollars ($150,000.00), delay damages pursuant to Pa. R.C.P. 238, interest and allowable costs of suit.

COUNT 23   -   INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

JAMES D. SCHNELLER   V.   PROSPECT PARK NURSING AND REHABILITATION CENTER;   MARJORIE ZITOMER; RICHARD SCHNELLER; T. SERGEANT PEPPER ESQUIRE

320) Plaintiff James Schneller incorporates by reference paragraphs 1 through 373 as if fully set forth at length herein.

54

321) At all times mentioned herein and material hereto, the defendants were charged with either the professional responsibility to uphold the standard of care in treatment of Marjorie Schneller, the professional responsibility to represent plaintiff and his parents and the estate of George H. Schneller while maintaining the standard of ordinary skill and knowledge of a legal practitioner, or to allow such services to remain lawfully unhindered and uninfluenced.

322) Defendant engaged in the conduct described herein and willfully, recklessly, and outrageously caused James Schneller severe emotional distress.

323) Plaintiff was continually dismayed at a general milieu of deprival of his right to be heard on behalf of his mother. Plaintiff was subjected to belittlement in front of the staff, and an assortment of needlings and harassments by his siblings, and their attorney, who claimed to be his and Marjorie Schneller's attorney as well;

324) Plaintiff witnessed numerous intrusive procedures and suctions on the patient which were a daily cause of anguish.

325) Plaintiff was continually dismayed that the trajectory of his siblings was veering from what had appeared to be relationships of honesty, and that this coincided with an uncooperativeness of physicians.

326) Because Marjorie Schneller was not rehabilitating and for related reasons as claimed herein plaintiff was beset with continual feelings of despair and weakness.

327) Plaintiff claims a cause of action for interference with a personal relationship due to the acts of all of the defendants.

328) Defendants were aware of the effect that their actions would have on any person, namely dismay, helplessness, fear, and trauma, especially due to their continuing nature, in the face of poor health and loss of life of a loved one;

329) Defendants' actions deprived plaintiff of any due process which might affect meaningful change in the error he perceived.

330) Defendants' actions were negligent, willful, intentional, and reckless thus entitling plaintiffs to punitive damages.


WHEREFORE, plaintiff James Schneller claims of defendant compensatory damages in excess of One Hundred and Fifty Thousand Dollars ($150,000.00), delay damages pursuant to Pa. R.C.P. 238, interest and allowable costs of suit.

## COUNT 24 - CONSPIRACY

JAMES D. SCHNELLER   V   PROSPECT PARK NURSING AND REHABILITATION CENTER;   MARJORIE ZITOMER;  RICHARD SCHNELLER;  T. SERGEANT PEPPER ESQUIRE

331) Plaintiff James Schneller incorporates by reference paragraphs 1 through 373 as if fully set forth at length herein.

332) At all times mentioned herein and material hereto, the defendants were charged with either the professional responsibility to uphold the standard of care in treatment of Marjorie Schneller, the professional responsibility to represent plaintiff and his parents and the estate of George H. Schneller while maintaining the standard of ordinary skill and knowledge of a legal practitioner, or to allow such services to remain lawfully unhindered and uninfluenced.

333) The facility and the attorney defendants had a duty to properly oversee and/or advise under a contract between them and the plaintiffs.

334) In numerous of the herein named instances, the defendants acted in a conspiratorial manner in order to facilitate the harms and malfeasant results enumerated herein, and acted, in pursuance of the common purpose between two or more of they, so as to facilitate many of the within described acts and omissions, as described in Count 15- Conspiracy to Marjorie Schneller, and in Count 21- Conspiracy to George Schneller.

335) Defendants in their conspiracy breached the confidentiality of the attorney-client relationship.

336) Defendants conspired to commit fraud.

337) Defendants knew and intended that emotional distress result from their conspiratorial acts.

338) Defendants conspired to cause illness and death.

339) Defendants' actions deprived plaintiff of any due process which might affect meaningful change in the error he perceived.

340) Defendants' actions were negligent, willful, intentional, and reckless, thus entitling plaintiffs to punitive damages.


WHEREFORE, plaintiff claims of defendant compensatory damages in excess of One Hundred and Fifty Thousand Dollars ($150,000.00), delay damages pursuant to Pa. R.C.P. 238, interest and allowable costs of suit.

COUNT 25 - PUNITIVE DAMAGES

JAMES D. SCHNELLER; ESTATE OF GEORGE H. SCHNELLER, ESTATE OF MARJORIE C. SCHNELLER, HEIRS AND BENEFICIARIES OF MARJORIE C. SCHNELLER  V. PROSPECT PARK NURSING AND REHABILITATION CENTER;    MARJORIE ZITOMER; RICHARD SCHNELLER; T. SERGEANT PEPPER ESQUIRE

341) Plaintiff James Schneller incorporates by reference paragraphs 1 through 373 as if fully set forth at length herein.

342) At all times mentioned herein and material hereto, the defendants were charged with either the professional responsibility to uphold the standard of care in treatment of Marjorie Schneller, the professional responsibility to represent plaintiff and his parents and the estate of George H. Schneller while maintaining the standard of ordinary skill and knowledge of a legal practitioner, or to allow such services to remain unhindered and uninfluenced by encouragement of denial of proper care;

343) Defendants were grossly negligent, and acted with reckless disregard of, and with deliberate, callous and reckless indifference to, the rights, interests, welfare and safety of James Schneller.

344) Defendant's intentional, wanton, willful and outrageous actions caused plaintiff James Schneller to forego thus far three years of his life and independence, and alone and losing successively, for one of those years, both of his parents.

345) Defendant's acts or omissions led to plaintiff's humiliation and severe trauma, witnessing his mother being deprived of rights as basic as speech and ingestion, and prevented in good faith efforts to stop this ill treatment.

346) Defendant was prevented from investigating the act which originally caused his mother's condition, and witnessed mistreatment of her in this setting where he was not only near, but unable to prevent further slights, some of them by his own brother and sister;

347) Plaintiff has due to the improprieties surrounding the death of his mother, and due to improper estate administration, the direct or continuing result of his objections to actions described here, has been forced to set aside a growing business to defend his rights, and following that has been forced to continue neglecting his business in order to meet the limitations of time on filings such as this complaint;

348) For the same reasons plaintiff has experienced loss of time and funds for healthful exercise and recreation, social interaction, and marriage.

349) As a direct and proximate result of the acts of the defendants, plaintiff has been unable to locate and retain an attorney.

350) Conspiracy, breach of contract, fraud, and equal acts causing pain and harms to both of James Schneller's parents is claimed herein.

WHEREFORE, plaintiff's claim of defendant punitive damages in excess of One Hundred and Fifty Thousand Dollars ($150,000.00), delay damages pursuant to Pa. R.C.P. 238, interest and allowable costs of suit.

COUNT 26  - TORTIOUS INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE

JAMES D. SCHNELLER    V.   PROSPECT PARK NURSING AND REHABILITATION CENTER;   MARJORIE ZITOMER;  RICHARD SCHNELLER;  T. SERGEANT PEPPER ESQUIRE

351) Plaintiff incorporates by reference paragraphs 1 through 373 as if fully set forth at length herein.

352) At all times mentioned herein and material hereto, the defendants were charged with either the professional responsibility to uphold the standard of care in treatment of Marjorie Schneller, the professional responsibility to represent plaintiff and his parents and the estate of George H. Schneller while maintaining the standard of ordinary skill and knowledge of a legal practitioner, or to allow such services to remain unhindered and uninfluenced by encouragement of denial of proper care;

353) Defendants failed to perform their duty in reckless disregard of the consequences and intentionally harmed plaintiff.

354) Plaintiff had existing contractual relationships between himself and contractors for whom he sold goods as a manufacturer's representative, distributor, and/or retailer

355) Defendants' acts caused plaintiff and / or the above stated entities not to perform.

356) Plaintiff suffered a severe blow to his personal wealth and endeavor because of the acts of the defendants, due to accumulating time lost on medical issues, and due as matters worsened to wasted time spent in scrutinizing defendants' actions and attempting to understand them.

357) Defendants caused plaintiff, through the accused acts, to forego tasks of great potential gain to his income, including prosecution of patent applications, product development, manufacturing,

and sales. Plaintiff has been caused to place his business on hold despite the threat of copycat products and theft of intellectual property which are prevalent in the marketplace.

358) As a direct and proximate result of the foregoing, business losses have been suffered due to defendant's having endured wrongs and errors in the court, and having thereby been forestalled in his litigation surrounding earlier medical events, resulting in an excessively small portion of his time being available to nurture what remains a viable profit making enterprise.

359) Defendants' actions were negligent, willful, wanton and reckless, thus entitling plaintiffs to punitive damages.

360) WHEREFORE, plaintiff James Schneller claims of defendant punitive damages in excess of One Hundred and Fifty Thousand Dollars ($150,000.00), delay damages pursuant to Pa. R.C.P. 238, interest and allowable costs of suit.

COUNT 27   -   BREACH OF FIDUCIARY DUTY

JAMES D. SCHNELLER; ESTATE OF GEORGE H. SCHNELLER, ESTATE OF MARJORIE C. SCHNELLER     V.     MARJORIE ZITOMER; RICHARD SCHNELLER; T. SERGEANT PEPPER ESQUIRE

361) Plaintiff incorporates by reference paragraphs 1 through 373 as if fully set forth at length herein.

362) At all times mentioned herein and material hereto, the defendants were charged with the responsibility to represent parties while maintaining the standard of ordinary skill and knowledge of a legal practitioner, and to comport oneself in a decent and law abiding manner.

363) Defendants through their negligence and intentional acts including wrongful death, fraudulent misrepresentation, conspiracy, and intentional infliction of emotional distress, interfered with the orderly administration of the estates of George H. Schneller and Marjorie C. Schneller.

364) Defendants put forth to plaintiff that their wisdom, experience, ordinary skill and knowledge, and fiduciary trustworthiness and expertise would and was contributing to the estate administration on a regular basis. Plaintiff as a principle heir and executor de son tort relied on these statements, which reliance caused the Estates to suffer enormous harm, both in spirit, loss of heirlooms, and misdirected administration, and in losses financial.

365) Defendants in their conspiratorial and grossly negligent acts and omissions as described in this complaint caused copious error to the estates including depletion of the principal, tax error, conversion of personalty, disappearance of life insurance monies, improper freezing of bank and

safe deposit accounts, improper conversion of securities, and improper conversion of nearly the entirety of personalty.

366) Defendants breached the fiduciary duty to the Estates of George Schneller and Marjorie Schneller which was imposed by plaintiff's being a co-administrator and executor de son tort.

367) Defendants through fraud and coercion had attained a renunciation by trustee Marjorie Schneller, of her positions as trustee and executrix of the Estate of her husband, which ended the workings of due process for James Schneller in the estates and trusts.

368) The resulting loss of due process to the plaintiffs resulted in a complete trampling of plaintiff's rights by all of the defendants.

369) Defendants, in preventing access to due process and allowing a clear pathway to death of the victim and continued admonishment of the caregiver, also concurrently abused their position to gain from a spendthrift trust left for James Schneller by charging large fees to it which they were legally obligated to charge to the executrix.

370) Defendants' acts which caused the death of Marjorie Schneller caused depletion of the trust estate and recklessly caused all manner of detriment to it as described in this complaint and continuing to this day as litigation fees.

371) Defendants' acts directly cause to this day an express denial of due process to plaintiff in the Chester County Orphan's Court.

372) Defendants' acts were done with a knowledge of the consequences to plaintiffs.

373) Defendants' actions were negligent, intentional, willful, and reckless thus entitling plaintiffs to punitive damages.


WHEREFORE, the plaintiffs claim of defendants compensatory damages in excess of One Hundred and Fifty Thousand Dollars ($150,000.00), delay damages pursuant to Pa. R.C.P. 238, interest, and allowable costs of suit.


_/s/ James Schneller_
pro se

December 5, 2008

James D. Schneller
700 East Lancaster Avenue #111D
Radnor, PA 19087
610-388-9471