## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES D. SCHNELLER, et al., | : | CIVIL ACTION |
| Plaintiffs | : | |
| | : | |
| v. | : | NO. 08-5704 |
| | : | |
| PROSPECT PARK NURSING & | : | |
| REHABILITATION CENTER, et al., | : | |
| Defendants | : | |

### M E M O R A N D U M

STENGEL, J.                                                    June 25, 2009

        More than six years after the death of his elderly mother on March 31, 2002, James

D. Schneller and allegedly four other plaintiffs[1] filed a *pro se* action against several

defendants[2] whom he claims are legally responsible.  The genesis of the case appears to

be medical and legal malpractice as a result of the allegedly negligent services rendered to

Mr. Schneller's parents during the last few months of their lives.  In fact, in the majority

---

        [1]  These plaintiffs include: (1) Heirs and beneficiaries of Marjorie C. Schneller, by James
D. Schneller, trustee *ad litem*; (2) Estate of Marjorie Schneller, by and through James D.
Schneller, trustee *ad litem*; (3) Marjorie Zitomer, executrix of the Estate of Marjorie Schneller
(Miss Zitomer is Mr. Schneller's sister and also a defendant in this action); and (4) Estate of
George H. Schneller, by and through personal representative James D. Schneller.  In a related
case, the Third Circuit noted: "Schneller filed his complaint *pro se*.  He also purports to represent
other persons and entities.  Although Schneller is entitled to represent himself *pro se*, he 'may
not appear *pro se* in the cause of another person or entity.'"  Schneller, et al. v. Crozer Chester
Medical Center, et al., 276 Fed. Appx. 169, *170 n.1 (3d Cir. 2008).  Accordingly, I will refer to
Mr. Schneller as the sole plaintiff in this case.

        [2]  These defendants include: (1) Prospect Park Nursing and Rehabilitation Center; (2) "its
owners and employees;" (3) Marjorie Zitomer; (4) Richard Schneller (the plaintiff's brother); and
(5) T. Sergeant Pepper, Esq.

of paragraphs introducing the defendants, the plaintiff indicates that "this action is an action in professional liability and intentional tort against this defendant." See Compl. ¶¶ 4, 9-13.  The only exceptions are in the paragraphs for his brother and sister.  Id. ¶¶ 5-7.

The defendants have filed motions to dismiss.  For the following reasons, I will grant these motions and dismiss this case.

## I. BACKGROUND

In February 2004, Mr. Schneller began an action against these defendants in the Court of Common Pleas of the County of Delaware.  The case was dismissed through entries of judgment *non pros* for failure to file Certificates of Merit as required by Rule 1042.3 of the Pennsylvania Rules of Civil Procedure.  Schneller, et al. v. Prospect Park Nursing & Rehabilitation Center, et al., 2006 Pa. Dist. & Cnty. Dec. LEXIS 392 (2006).  Mr. Schneller unsuccessfully attempted to re-open the case and/or strike the judgment of *non pros*.  Id.  He then appealed to the Pennsylvania Superior Court which affirmed without an opinion the entries of judgment.  Schneller, et al. v. Prospect Park Nursing & Rehabilitation Center, et al., 945 A.2d 781 (Pa.Super. 2007).  The Pennsylvania Supreme Court denied his petition for allowance of appeal.  Schneller, et al. v. Prospect Park Nursing & Rehabilitation Center, et al., 2008 Pa. LEXIS 2398 (Pa. 2008).

The sixty (60) page complaint contains three-hundred seventy-three (373) paragraphs purporting to provide the basis of the plaintiff's thirty-two (32) claims:

Count 1A    –    Violation of the Assisted Suicide Funding Restriction Act of 1997
Count 1B    –    Civil Action for Deprivation of Rights

| | | |
|---|---|---|
| Count 1C | – | Conspiracy to Interfere with Civil Rights – Depriving Persons of Rights and Privileges |
| Count 1D | – | Conspiracy to Interfere with Civil Rights – Obstructing Justice and Intimidating Parties – Battery |
| Count 1E | – | Neglect to Prevent Deprivation of Rights and Conspiracy for Deprivation of Rights |
| Count 1F | – | Failure to Warn |
| Count 2 | – | Breach of Contract |
| Count 3 | – | Breach of Contract |
| Count 4 | – | Fraudulent Inducement of Contracts |
| Count 5 | – | Breach of Confidential and Fiduciary Relationship |
| Count 6 | – | Wrongful Death |
| Count 7 | – | Survival |
| Count 8 | – | Intentional Tort – Abuse of Power of Attorney |
| Count 9 | – | Intentional Tort – Abuse of Advanced Health Directive |
| Count 10 | – | Negligence *Per Se* (violation of numerous state and federal statutes) |
| Count 11 | – | Slander and Libel |
| Count 12 | – | Breach of Confidentiality |
| Count 13 | – | Survival – Negligent and Intentional Infliction of Emotional Distress |
| Count 14 | – | Survival – Fraud |
| Count 15 | – | Survival – Conspiracy |
| Count 16 | – | Survival Action – Punitive Damages |
| Count 17 | – | Professional Negligence – Medical |
| Count 18 | – | Professional Negligence – Attorney and Firm |
| Count 19 | – | Survival – Negligent and Intentional Infliction of Emotional Distress to George Schneller |
| Count 20 | – | Survival – Fraud and Intentional Misrepresentation to George H. Schneller |
| Count 21 | – | Survival Action – Conspiracy Damaging to George H. Schneller |
| Count 22 | – | Survival Action – Punitive Damages for the Estate of George H. Schneller |
| Count 23 | – | Intentional Infliction of Emotional Distress |
| Count 24 | – | Conspiracy |
| Count 25 | – | Punitive Damages |
| Count 26 | – | Tortious Interference with Prospective Economic Advantage |
| Count 27 | – | Breach of Fiduciary Duty |

Mr. Schneller also alleges violations of various regulations entitled Requirements

for Long Term Care Facilities.  See 42 C.F.R. § 483.10, *et seq.*[3]  See Compl. ¶ 18d.

## II.  STANDARD FOR A MOTION TO DISMISS

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted examines the legal sufficiency of the complaint.  Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  The factual allegations must be sufficient to make the claim for relief more than just speculative.  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  In determining whether to grant a motion to dismiss, a federal court must construe the complaint liberally, accept all factual allegations in the complaint as true, and draw all reasonable inferences in favor of the plaintiff.  Id.; see also D.P. Enters. v. Bucks County Cmty. Coll., 725 F.2d 943, 944 (3d Cir. 1984).

The Federal Rules of Civil Procedure do not require a plaintiff to plead in detail all of the facts upon which he bases his claim.  Conley, 355 U.S. at 47.  Rather, the Rules require a "short and plain statement" of the claim that will give the defendant fair notice of the plaintiff's claim and the grounds upon which it rests.  Id.  The "complaint must allege facts suggestive of [the proscribed] conduct."  Twombly, 550 U.S. at 555.  Neither "bald assertions" nor "vague and conclusory allegations" are accepted as true.  See Morse

---

[3]  These provisions "contain the requirements that an institution must meet in order to qualify to participate as a [skilled nursing facility] in the Medicare program, and as a nursing facility in the Medicaid program.  They serve as the basis for survey activities for the purpose of determining whether a facility meets the requirements for participation in Medicare and Medicaid."  42 C.F.R. § 483.1(b).  These regulations do not confer a private right of action.  Accordingly, they provide no basis for jurisdiction pursuant to 28 U.S.C. § 1331.

v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997); Sterling v. Southeastern

Pennsylvania Transp. Auth., 897 F. Supp. 893 (E.D. Pa. 1995).  The claim must contain

enough factual matters to suggest the required elements of the claim or to "raise a

reasonable expectation that discovery will reveal evidence of" those elements.  Phillips v.

County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (quoting Twombly, 550 U.S. at

555).

A case may be also dismissed under Rules 12(b)(1) and 12(h)(3) of the Federal

Rules of Civil Procedure "[w]henever it appears by suggestion of the parties or otherwise

that the court lacks jurisdiction of the subject matter. . . ." FED.R.CIV.P. 12(h)(3).

Alternatively, a court choosing not to grant a motion to dismiss for lack of subject matter

jurisdiction may, under Rule 12(e), grant a motion for a more definitive statement if "a

pleading to which a responsive pleading is permitted is so vague or ambiguous that a

party cannot reasonably be required to frame a responsive pleading. . . ." FED.R.CIV.P.

12(e).

Moreover, courts must liberally construe *pro se* complaints and "apply the

applicable law, irrespective of whether [the] litigant has mentioned it by name." Higgins

v. Beyer, 293 F.3d 683, 688 (3d Cir. 2002).  Thus, a *pro se* plaintiff's complaint, however

inartfully pleaded, must be held to a less stringent standard than a formal pleading drafted

by an attorney. Estelle v. Gamble, 429 U.S. 97, 106 (1976).

III. __DISCUSSION__

The defendants argue, *inter alia*, that the case should be dismissed because this court does not have subject matter jurisdiction.  Federal courts are courts of limited jurisdiction, and they may only decide cases as authorized by Congress or the Constitution.  District courts have subject matter jurisdiction over federal questions pursuant to 28 U.S.C. § 1331, in which Congress grants courts "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

Federal courts also have subject matter jurisdiction over cases where there is complete diversity of citizenship among the parties and the amount in controversy "exceeds the sum or value of $75,000, exclusive of interest and costs" pursuant to 28 U.S.C. § 1332(a).[4]  The requirement of complete diversity means that "jurisdiction is lacking if any plaintiff and any defendant are citizens of the same state."  Menan Co. v. Atl. Mut. Ins. Co., 147 F.3d 287, 290 (3d Cir. 1998) (citing Strawbridge v. Curtiss, 7 U.S. (3 Cranch) 267, 2 L. Ed. 435 (1806)).

When a motion to dismiss for lack of subject matter jurisdiction is before a court, "the person asserting jurisdiction bears the burden of showing that the case is properly

---

[4] Title 28 U.S.C. § 1332(a) provides:  The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between: (1) citizens of different states; (2) citizens of a state and citizens or subjects of a foreign state; (3) citizens of different states and in which citizens or subjects of a foreign state are additional parties; and (4) a foreign state as plaintiff and citizens of a state or of different states.

6

before the court at all stages of litigation." Packard v. Provident Nat'l Bank, 994 F.2d 1039, 1045 (3d Cir. 1993).  This burden is applicable to cases based on diversity jurisdiction as well, and in such cases a plaintiff must demonstrate complete diversity between the parties and that the amount in controversy requirement has been met.  Quaker State Dyeing & Finishing Co., Inc., v. ITT Terryphone Corp., 461 F.2d 1140, 1143 (3d Cir. 1972) (citing McSparran v. Weist, 402 F.2d 867, 875 (3d Cir. 1968)).

Here, the plaintiff and Defendant Prospect Park are residents of Pennsylvania. There is clearly no diversity of citizenship.  Thus, jurisdiction cannot be based on 28 U.S.C. § 1332.  The defendants, however, also argue that the complaint fails to present a federal question sufficient to confer jurisdiction.  Federal question jurisdiction exists in one of two circumstances: (1) where federal law creates the cause of action; or (2) where the complaint poses a substantial federal question.  Sodi v.  Discover Financial Services, 2004 U.S. Dist. LEXIS 24133, *8 (E.D. Pa. 2004).  Here, the plaintiff's alleged bases for federal question jurisdiction fall into two categories: (1) alleged violations of federal statutes and regulations; and (2) alleged civil rights violations.

Mr. Schneller cites several federal statutes and regulations throughout his complaint.  Of the thirty-two counts contained in the complaint, however, only five counts attempt to set forth federal causes of action.  The first count alleges a violation of the Assisted Suicide Funding Restriction Act of 1997, 42 U.S.C. § 14401, *et seq*.  See Compl. ¶¶ 88-99.  The defendants argue that this Act does not create a private right of action, and

7

thus cannot provide the basis for jurisdiction.  I agree.

If Congress intends to create a private cause of action under a federal statute, then federal courts should find a private cause of action under the given statute.  Transamerica Mortgage Advisors, Inc. v. Lewis, 444 U.S. 11, 15 (1979).  Congress' intent is determined by examining "the language or structure of a statute or the circumstances of its enactment."  Id.  "[W]hether a statute creates a cause of action, either expressly or by implication, is basically a matter of statutory construction."  Id.  If the language of the statute expressly gives a remedy then courts should be wary when they are requested to add an additional remedy that is not expressly provided for in the statute.  Id.

The structure and language of this Act do not show any intent by Congress to establish a private cause of action.  The purpose of the Act is "to continue current federal policy by providing explicitly that federal funds may not be used to pay for items and services (including assistance) the purpose of which is to cause (or assist in causing) the suicide, euthanasia, or mercy killing of any individual."  42 U.S.C. § 14401(b).  Mr. Schneller claims that jurisdiction is proper under this Act because Defendant Prospect Park applied funds appropriated by Congress including federal funds under certain grant programs, and federal advocacy grants, to pay for and provide for services which directly contributed to the assisting and causing of the death of Marjorie C. Schneller, by unlawful means including euthanasia, mercy killing and assisted suicide.  See Compl. ¶ 93.  Mr. Schneller's assertion is contrary to law.

8

The rationale for the enactment of this statute is to prevent federal funds from being used for the criminal and unlawful purpose of assisted suicide.  See 42 U.S.C.A. § 14401 (a)(2).  There have never been any criminal charges in connection with the care and treatment of Marjorie Schneller, and the claims that the defendants engaged in some type of mercy killing are unfounded.  Further, no court has found that Title 42 U.S.C. § 14401, et seq., creates a private cause of action.  Thus, because the Assisted Suicide Funding Restriction Act cannot form the basis of subject matter jurisdiction, I will dismiss Count 1A.

The next four counts in the complaint allege the deprivation of civil rights pursuant to 42 U.S.C. §§ 1983, 1985, and 1986.  Because they contemplate a private cause of action, these statutes provide subject matter jurisdiction to the court.  Counts 1B, 1C, 1D, and 1E set forth the plaintiff's civil rights claims against the defendants for alleged violations of his mother's rights guaranteed by the Fourteenth Amendment to the United States Constitution.  Count 1B contains allegations that the defendants deprived Mrs. Schneller of life, liberty, and property by enforcing her advanced health care directive over Mr. Schneller's objection and causing her death.  See Compl. ¶¶ 105-119.  Count 1C claims that the defendants conspired to deprive Mrs. Schneller of rights and privileges including "her basic rights to eat, drink, and breathe," and her "rights to life, privacy, security, freedom of speech, freedom to write and communicate, right to locomotion, family interaction, rights to legal representation, to meaningful family visits, and right to

9

choose her daily regimen and health program." <u>See</u> Compl. ¶¶ 121-146.  Count 1D alleges that the defendants "in their conspiracy to prevent by force, intimidation, and threat, intended to deprive classes of persons of the equal protection of the laws, or of equal privileges and immunities under the law," and that these acts constituted causes of action for intimidation, obstruction of justice, criminal assault, and criminal maiming. <u>See</u> Compl. ¶¶ 147-163.  Finally, Count IE alleges that the defendants, "having knowledge that any and all of the wrongs conspired to be done, as enumerated in this complaint, were about to be committed, and having power to prevent or aid in preventing the commission of the same, neglected or refused so to do." <u>See</u> Compl. ¶¶ 164-171.

The Fourteenth Amendment to the U.S. Constitution provides that "no State shall…deprive any person of life, liberty, or property, without due process of law…" U.S. Const., Amend. 14, §1.  The protections of the Fourteenth Amendment do not extend to private conduct abridging individual rights, no matter how unfair that conduct may be. <u>National Collegiate Ath. Ass'n v. Tarkanian</u>, 488 U.S. 179 (1988).  It is the duty of this court to ensure that the Fourteenth Amendment is invoked only when it can be said that the State is responsible for the specific conduct of which the plaintiff complains. <u>Brentwood Acad. v. Tennessee Secondary Sch. Athletic Ass'n</u>, 531 U.S. 288, 296 (2001); <u>Edmonson v. Leesville Concrete Co.</u>, 500 U.S. 614, 632 (1991); <u>Blum v. Yaretsky</u>, 457 U.S. 991 (1982).  If a defendant's conduct satisfies the state-action requirement of the Fourteenth Amendment, the conduct also constitutes action "under color of state law" for

Section 1983 purposes.  Brentwood Acad., 531 U.S. at 295 (citing Lugar v. Edmondson

Oil Co., 457 U.S. 922 (1982)).

Title 42 U.S.C. §1983 authorizes redress for violations of constitutional rights and

provides, in pertinent part, that:

> Every person who, under color of any statute, ordinance,
> regulation, custom, or usage, of any State or Territory,
> subjects, or causes to be subjected, any citizen of the United
> States or other person within the jurisdiction thereof to the
> deprivation of any rights, privileges, or immunities secured by
> the Constitution and laws, shall be liable to the party injured
> in an action at law, suit in equity, or other proper proceeding
> for redress.

42 U.S.C. §1983.  By its terms, Section 1983 does not create a substantive right; it merely

provides a method for vindicating federal rights conferred by the United States

Constitution and the federal statutes that it describes.  Baker v McCollan, 43 U.S. 137

(1979).  In order to establish a claim under Section 1983, a plaintiff must demonstrate (1)

a violation of a right secured by the Constitution and the laws of the United States and

that (2) the alleged deprivation was committed by a person acting under color of state

law.  American Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40 (1999).

Here, Mr. Schneller fails to satisfy these requirements.  Although a private party

may cause a deprivation of a constitutional right, it is subjected to liability under Section

1983 only when it does so under color of law.  Flagg Bros., Inc. v. Brooks, 436 U.S. 149,

156 (1978).  Section 1983 excludes from its reach "merely private conduct," no matter

how discriminatory or wrongful.  American Mfrs. Mut. Ins. Co., 526 U.S. at 50.  The

11

actions alleged here were not performed under color of state law, and the defendants are not and cannot be considered state actors.

The complaint alleges, however, that the defendants "have applied funds appropriated by Congress for the purpose of paying for the provision of health care services, federal funds under certain grant programs including Medicare and Medicaid, and federal advocacy grants, to pay for, provide, and contribute to payment or coverage, for health care items and service furnished." See Compl. ¶ 16.  These allegations do not establish that the defendants were acting "under color of law" or were state actors.  The traditional exclusive governmental function test requires that a private entity exercise powers traditionally and exclusively reserved to the State, such as holding an election or eminent domain.  Wolotsky v. Huhn, 960 F.2d 1331, 1335 (6th Cir. 1992).  The provision of hospital services is not a traditional public function exclusively reserved for the State. Shannon v. Shannon, 965 F.2d 542, 547 (7th Cir. 1992) (hospital care is not an exclusive prerogative of the State).

When analyzing the exclusive government function test, the Supreme Court has held that the receipt of public funds and the performance of a function serving the public, alone, are not enough to make a private entity a state actor.  Rendell-Baker v. Kohn, 457 U.S. 830, 840 (1982); Black, et al. v. Indiana School District, 985 F.2d 707, 710-11 (3d Cir. 1993) (a school bus driver is not performing an exclusive government function, even though paid by the state and performing a service for the public).  The fact that hospitals

and nursing homes may be extensively regulated and may receive financial support from the government through Medicaid and Medicare does not make them state actors.  Blum, 457 U.S. at 1011.  In Blum, the Supreme Court flatly rejected the argument that the State's payment of more than 90% of nursing home patients' medical expenses and the licensing of nursing homes does not create a symbiotic relationship between the state and nursing homes.  Additionally, the vast majority of Courts of Appeals have determined that the recipient of federal construction funding, Medicare and Medicaid funds, and the existence of tax exemption, as well as state licensing requirements for non-profit hospitals, do not constitute state action under 42 U.S.C. § 1983.  See Hodge v. Paoli Memorial Hospital, 576 F.2d 563 (3d Cir. 1978) (citing Schlein v. Milford Hospital, Inc., 561 F.2d 427 (2d Cir. 1977); Greco v. Orange Memorial Hospital Corporation, 513 F.2d 873 (5th Cir.), cert. denied, 423 U.S. 1000 (1975); Jackson v. Norton-Children's Hospitals, Inc., 487 F.2d 502 (6th Cir. 1973), cert. denied, 416 U.S. 1000 (1974); Doe v. Bellin Memorial Hospital, 479 F.2d 756 (7th Cir. 1973); Briscoe v. Bock, 540 F.2d 392 (8th Cir. 1976); Watkins v. Mercy Medical Center, 520 F.2d 894 (9th Cir. 1975); Ward v. St. Anthony Hospital, 476 F.2d 671 (10th Cir. 1973)).

Accordingly, the receipt of federal funding is not determinative of state action. Private entities are not transformed into state actors by the simple provision of funds. Because Mr. Schneller cannot establish state action, he cannot establish a cause of action under 42 U.S.C. § 1983 or related statutes, which provide a necessary conduit through

13

which the plaintiff might recover for alleged federal rights violations perpetrated against him.  Accordingly, I will dismiss Counts 1B, 1C, 1D, and 1E.

If these federal claims were properly before me, they would still fail as untimely. Although Rule 12(b) does not explicitly permit the assertion of a statute of limitations defense by a motion to dismiss, the so-called "Third Circuit Rule" allows a defendant to assert a limitations defense in a Rule 12(b)(6) motion "if 'the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations.'"  Zankel v. Temple University, 245 Fed. Appx. 196, 198 (3d Cir. 2007) (citing Robinson v. Johnson, 313 F.3d 128, 135 (3d Cir. 2002)).  Because these federal statutes do not set forth a specific statute of limitations, the claims are subject to Pennsylvania's two-year statute of limitations.  City of Rancho Palos Verdes v. Abrams, 544 U.S. 113, 124 (2005) (where a plaintiff relies upon federal statutes in asserting a claim, and those statutes do not contain a specific provision regarding the time within which an action may be brought, federal courts apply the statute of limitations governing suits for personal injury in which the action arises); Wilson v. Garcia, 471 U.S. 265, 275 (1985); see also Lake v. Arnold, 232 F.3d 360, 368 (3d Cir. 2000) (actions arising under Sections 1983, 1985 and 1986 are subject to the statute of limitations prescribed for personal-injury actions in the state in which the relevant events occurred).  Pennsylvania's personal injury statute of limitations is two (2) years.  Vojtasek v. Diocese of Allentown, 916 A.2d 637, 640 (Pa. Super. 2006); 42 Pa.C.S.A. § 5524(2).  The death of Marjorie

Schneller is a discreet and identifiable event, and the statute of limitations on any claims arising from her death or any of the alleged events that precipitated her death, began to arise on March 31, 2002.  This action was commenced on December 5, 2008, more than six (6) years later, and is thus untimely by over four (4) years.  Accordingly, Mr. Schneller's federal claims would be time-barred if they were properly before me.

Mr. Schneller also claims that the court has supplemental jurisdiction over his remaining state law claims pursuant to 28 U.S.C. § 1367(a), which provides:

> [I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.  Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

The state law claims in this complaint substantially predominate over the federal claims, which will be dismissed.  See 28 U.S.C. §§ 1367(c)(2), 1367(c)(3).  Accordingly, I decline to exercise supplemental jurisdiction over the state law claims in this case.

I note, however, that if the state law tort claims were properly before me, they would still be dismissed as untimely.  It is well-established that a federal court shall apply Pennsylvania substantive law and federal procedural rules to the resolution of state law claims.  See Erie Railroad Company v. Tomkins, 304 U.S. 64 (1938)).  Accordingly, Pennsylvania law governs the disposition of the plaintiff's state law tort claims.  In Pennsylvania, the applicable two-year statute of limitations provides that: "The following

15

actions and proceedings must be commenced within two years:

>    (1)    An action for assault, battery, false imprisonment, false arrest, malicious prosecution or malicious abuse of process.
>
>    (2)    An action to recover damages for injuries to the person or for the death of an individual caused by the wrongful act or neglect or unlawful violence or negligence of another.
>
>    (3)    An action for taking, detaining or injuring personal property, including actions for specific recovery thereof. . . .
>
>    (7)    Any other action or proceeding to recover damages for injury to person or property which is founded on negligent, intentional, or otherwise tortious conduct or any other action or proceeding sounding in trespass, including deceit or fraud, except an action or proceeding subject to another limitation specified in this subchapter.

Title 42 Pa. C.S.A. § 5524.  Thus, under §§ 5524(2) and (7), because this case was filed more than six (6) years after Mrs. Schneller's death, the plaintiff's state law tort claims arising from her death or the care she received in the months preceding her death would also be time-barred.

Likewise, all contract claims in this complaint would also be untimely because under Pennsylvania law, an action for breach of contract is subject to a four-year statute of limitations.  42 Pa.C.S.A. § 5525.  Mrs. Schneller died on March 31, 2002, and the case was filed more than six years later.  Thus, the plaintiff's state law contract claims arising from the death of his mother or the care she received would also be time-barred.

In conclusion, while the plaintiff attempts to bring federal claims in combination with his predominant state law claims, the federal claims will be dismissed.  In the

alternative, if the federal claims were properly before me, they would be dismissed as untimely.  Finally, I decline to exercise supplemental jurisdiction over the state law claims, all of which are also untimely.

An appropriate Order follows.